[State, ex rel. Blish v. Thomas, et al.]

# State, *ex rel.* Blish *v.* Thomas, *et al.*

*Quo Warranto.*

(Decided May 15, 1913.  62 South. 504.)

1. *Quo Warranto; Grounds; Public Office; Trial of Title to.*—The provisions of section 5453, Code 1907, do not authorize quo warranto to oust persons from office on the ground that the clerk and inspector officiating at the election at which such officers were declared elected, were incompetent to act as such clerk and inspector, whether or not their incompetency would invalidate the election if properly raised on a contest of the election.

2. *Elections; Contests; Grounds.*—Where the incompetency of a clerk and inspector of an election does not affect the result of an election, their incompetency is not ground for contest.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Proceedings by the state on the relation of M. B. Blish against C. W. Thomas and others, in the nature of quo warranto to inquire into respondent's right to hold office. There was judgment sustaining demurrer to the petition, and relator appeals. Affirmed.

GORDON & EDDINGTON, for appellant. The petition is filed under section 5453, Code 1907, and authorizes the action here attempted. In the first place the demurrers should all have been overruled because addressed to the whole petition and not to the paragraphs alleging ground, since a demurrer bad as to a part of the pleading, is bad as to the whole.—*Bains v. Wells,* 107 Ala. 571; *Greil v. Lomax,* 86 Ala. 132. The third paragraph of the petition states a good and full cause of action.— *State v. Price,* 50 Ala. 571; secs. 455 and 1168, Code 1907. Quo warranto will lie.—*Parks' Case,* 100 Ala. 651; *Mizell's Case,* 173 Ala. 438. The grounds of in-

competency of the clerk and inspector were properly stated, and authorized the action.—Sec. 1164, Code 1907; *Montgomery v. Henry,* 144 Ala. 629.

R. PERCY ROACH, for appellee. The court treated the whole petition as one and sustained the demurrer which was proper.—17 Enc. P. & P. 460; 40 N. J. L. p. 1. Information and quo warranto is a pleading and subject to the same objection as other pleading.—*L. & N. v. Gray,* 154 Ala. 156. It cannot unite in one suit separate and distinct causes.—*L. & N. v. Cofer,* 110 Ala. 492; *Johnson v. Selden,* 140 Ala. 421; 2 M. & S. 75; 17 Enc. P. & P. 440; 93 Am. Dec. 183. The election was not void in any event.—*Mizell v. State, ex rel.,* 173 Ala. 437. The election was subject to contest under the Code, and hence, quo warranto will not lie.—*Mizell v. State, ex rel., supra; Parks v. State,* 100 Ala. 634; *Montgomery v. Henry,* 144 Ala. 633. The grounds alleged would not be good grounds for a contest as the parties referred to were at least de facto a clerk and inspector, and would not have affected the election unless the result thereof was effected.—Authorities supra, and *Lee v. State,* 49 Ala. 56.

MAYFIELD, J.—This is a proceeding in the nature of quo warranto. It was instituted under section 5453 of the Code, to oust or remove appellees, on the ground that they were unlawfully holding and usurping the offices of mayor and aldermen of the town of Citronelle.

The only matter alleged in the petition as a fact to support the conclusion that appellees were usurpers of the offices which they were filling was that a clerk and an inspector, who officiated as such in the election at which appellees were declared to be so elected to such offices, were not qualified electors, and were therefore

incompetent to act as clerk and inspector at such election.

A demurrer was interposed and sustained to this complaint, and from the judgment sustaining the demurrer the relator prosecutes this appeal. We are of the opinion that the trial court properly sustained the demurrer. The statute in question was not intended to authorize the revision or correction of such errors as the appointment of improper clerks and inspectors of elections.

It is not necessary to decide whether such clerk and inspector of the election could be ousted, because the petition does not seek to oust them, but seeks to oust those officers who were declared to be elected at the election in which such clerk and inspector officiated, on the ground of the incompetency of the clerk and inspector of the election, and not on the ground of the incompetency of the appellees declared to be elected.

It is likewise unnecessary to decide whether or not the incompetency of the clerk and the inspector would invalidate the election, which was otherwise valid, or whether the question could or would be properly raised on a contest of the election. If the question cannot be raised on a contest, it would not, for this reason, authorize a quo warranto proceeding such as is instituted in this case. On the other hand, the right of contest and that of quo warranto may both exist at the same time and on the same ground, such as the ineligibility, to hold the office, of the person declared to be elected; but we have never heard of quo warranto being instituted or prosecuted on the ground that some person officiating in the election was disqualified or incompetent to so act. That question cannot be inquired into, in a proceeding to oust the person declared to be elected. That is res inter alios acta. If the election at which appellees were

elected was authorized by law, and was ordered by those authorized by law to order it, the mere fact that one of the clerks and one of the inspectors were ineligible or incompetent to act is not ground for quo warranto against any officer declared to be elected at such election.

There is nothing in this record to show that the incompetency of the clerk and the inspector affected the result of the election; and without this it would be no ground for contest.—*Henry's Case,* 144 Ala. 633, 39 South. 507, 1 L. R., A. (N. S.) 656, 6 Ann. Cas. A65; *Mizell's Case,* 173 Ala. 437, 55 South. 884; *Parks v. State,* 100 Ala. 634, 3 South. 756.

We do not think *Mizell's Case* is an authority to show error in the ruling of the trial court, but, on the other hand, we think it supports the ruling.

Finding no error, the judgment of the lower court will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.