THE PEOPLE EX REL. HIRAM LORD v. DANIEL EVERY ET AL.

*Quo warranto—Organization of school district.*

There should be some special and extraordinary reason to justify interference by *quo warranto* with the organization of a school district, as the statutes (Comp. L., §§ 3734-6) provide a speedier remedy by an appeal from the district board to the township board.

Where a. school district had enjoyed its franchises for five years during most of which time proceedings to inquire into the validity of the organization had been pending by *quo warranto* and writ of error instead of the speedier statutory process of appeal under Comp. L., § 3734, the Supreme Court declined to review its organization on technicalities.

INFORMATION in the nature of *quo warranto*. Judgment was entered for respondents, and relator brings error. Submitted January 31. Decided February 1.

Attorney General *Otto Kirchner, Jas. A. Parkinson* and *W. K. Gibson* for plaintiff in error. *Quo warranto* is the only remedy where the right to an office or franchise is the only question, High Ext. Rem., §§ 619, 626; and the question whether a municipal corporation has been legally created may be tested by it, 2 Dillon Mun. Corp., § 714; *People v. Carpenter,* 24 N. Y., 86; *People v. Draper,* 15 N. Y., 537; *State v. Ind. Sch. Dist.,* 29 Iowa, 264. Time will not run against the State where irregularities affect questions of right, *Rex v. Woodman,* 4 B. & A., 507.

*Austin Blair* for defendants in error.

MARSTON, J. An information in the nature of a *quo warranto* was filed to inquire by virtue of what warrant or right the respondents claim to use, exercise and enjoy the powers, liberties and franchises of a certain school district board. Issue was joined, a trial had in the circuit court and judgment rendered in favor of the defendants, and the case comes here on writ of error. Although

no finding of facts was requested by either party, yet the court in a very clear and concise manner, in giving judgment, stated the material facts in the case.

It appears that the district in question was organized May 17th, 1873; that in July, 1874, an application was made to this court for a certiorari to review the proceedings and refused, and that these proceedings were commenced in August of the same year, but not determined in the court below until January, 1877, and have not reached this court until the present time. The electors dissatisfied with the action of the inspectors had the right at any time within sixty days from the time of such action to appeal from their decision to the township boards, who were empowered to entertain the appeal, and review, confirm, set aside or amend the action, order or decision of the inspectors thus appealed from. § 3734. If an appeal is taken, the school inspectors are to make and file with the town clerk a full transcript of all their proceedings within ten days, and the township board within ten days thereafter are to proceed and dispose of the matter. § 3736. The statute also limits the time within which a writ of certiorari shall be allowed to review the proceedings of the inspectors, and another section provides that a legal organization shall be presumed when the district shall have exercised the franchises and privileges of a district for the term of two years.

All these various provisions show an evident intention and policy on the part of the legislature to have all questions concerning the legality of the organization of a new school district determined at as early a date as possible. The danger and difficulties resulting from delay in such cases has frequently been pointed out by this court. The present case is a very good illustration of the delay which must almost necessarily arise where proceedings by *quo warranto* are resorted to. Had an appeal been taken as the statute contemplated, the entire question could have been disposed of within a few months

in all probability from the time the district was organized, while under the present proceedings some five years have elapsed during all of which time the district organization has remained in full force and in the enjoyment of its privileges and franchises. If the proceedings are now held invalid at this late day, the decision will relate back to the time of the organization, a result disastrous in many respects. The statute having provided a summary manner by appeal to review the proceedings, where the same has not been resorted to there should be some special and extraordinary reasons appearing to justify a resort to the present method of procedure. No such reasons appear in this case, and the errors assigned are rather technical than substantial. The district has existed in fact for years, and we see nothing in the record to justify further interference with it. Other reasons might be referred to, but the above are sufficient. The judgment must stand affirmed with costs.

The other Justices concurred.