JANE BURNETT ET AL. v. THE BOARD OF SCHOOL.
INSPECTORS OF THE TOWNSHIP OF CHICKAMING.

*Alteration of graded school-district—Consent of trustees—Evidence.*

1. The action of the board of school inspectors of a township in
   detaching territory from a graded school-district, and attach-
   ing it to another district, is void unless the inspectors have
   before them legal evidence of the consent of a majority of the
   trustees of the graded school-district to such alteration.
2. Such legal consent is not evidenced by a paper, signed by four
   of said trustees, consenting to the proposed alteration, but fail-
   ing to show corporate action on their part; nor by a paper
   signed by the director, purporting to set forth the action taken
   at a meeting of the trustees, whereby such consent was given,
   but failing to show that it was given by a majority of said
   trustees.

*Certiorari* to review proceedings detaching territory from
a graded school-district, and attaching it to another dis-
trict. Submitted on briefs July 26, 1893. Proceedings
quashed October 2, 1893. The facts are stated in the
opinion.

*George S. Clapp,* for petitioners.

GRANT, J. The object of this proceeding is to test the
validity of the action of the defendants in detaching cer-
tain territory from school-district No. 3, and attaching the
same to school-district No. 4, of the township of Chick-
aming.

The action must be held void, because the inspectors
did not have before them legal evidence of the consent of
a majority of the trustees of district No. 3 to the altera-
tion. How. Stat. § 5135, requires the consent of a majority
of the trustees of the district, which consent must be spread.

upon its records. In obedience to a call, the defendant board met November 4, 1892. The only evidence of consent then produced before it was a paper, signed by four of the trustees of district No. 3, to such consent. This paper did not show corporate action on the part of such trustees, nor did it contain any evidence that such action was taken in their corporate capacity. The defendant board thereupon adjourned to November 12. At this meeting was produced a paper signed by the director of school-district No. 3, purporting to state the action taken at a meeting of the trustees of said district, whereby consent was given to detach the territory. This record was fatally defective, in that it did not show that a majority of the trustees gave their consent. The defendant board therefore had no jurisdiction in the premises.

It is unnecessary to note the other defects alleged.

The proceedings must be quashed.

The other Justices concurred.