# The State *ex rel.* Harris *v.* Elliott.

### *Proceedings in the Nature of Quo Warranto.*

1. *Contest of election; not exclusive of remedy by quo warranto, except where so declared.*—The special remedy given by statute for the contest of an election is cumulative, and not exclusive of the older remedy by *quo warranto*, or of the ordinary jurisdiction of the courts, unless the statute so declares, or it is implied in its terms.

2. *Contest of the election of the mayor of Gadsden; construction of the statute; right to maintain quo warranto.*—The provision of the charter of the city of Gadsden (Acts of 1882-83, p. 281) that "any election under this act may be contested in the same manner as is now or may hereafter be provided by the laws of this State for the contest of the election of judge of probate, so far as the same will apply," defines the manner in which the right to contest the election of mayor of Gadsden shall be exercised, and relates only to the grounds of the contest and the method of procedure provided by the laws of the State for the contest of the election of judges of probate, but does not relate to the right of the contest itself; and the right to contest the election of the mayor of Gadsden not being conferred by the Code, but being conferred alone by the special charter of the city, the provision of section 3177 of the Code of 1886 (Code of 1896, § 3431) that the "validity of no election, which may be contested under this Code can be tried" by *quo warranto* proceedings, does not apply, and hence the validity of the election of mayor of the city of Gadsden can be tried by *quo warranto* proceedings.

APPEAL from the Circuit Court of Etowah.

Heard before the Hon. J. A. BILBRO.

This is a proceeding by information in the nature of a *quo warranto*, instituted by the State of Alabama on the relation of Pink M. Harris, to oust the appellee, James

[The State *ex rel*. Harris v. Elliott.]

M. Elliott, Jr., from the office of mayor of the city of Gadsden.

At a municipal election held in Gadsden on the. first Tuesday in March, 1897, it being the second day of the month, the appellee was elected mayor of said city, and was in due time inducted into said office, and is now in possession of the same, exercising the authority, performing the functions and enjoying the emoluments of the same. The petition alleges that at the time of said election, the appellee had not resided in said city for one year next preceeding the election, and does not now reside in said city. Because of such alleged non-residence, the appellants call on him to show by what warrant he holds said office, and exercises the authority thereof. This proceeding was instituted under Part 3, Title 2, Chap,. 14, page 692 of the Code of 1886, and the amendatory act thereof.—Acts 1892-93, p. 789. The respondent interposed a demurrer to the petition, assigning many grounds, raising the defense that under section 3177 of the Code of 1886 the court could not try the case presented on the petition.

The court sustained these grounds of demurrer, and rendered judgment dismissing the petition. From this judgment the relator appeals, and assigns the rendition thereof as error.

DENSON & TANNER, for appellants.—1. The jurisdiction of the common law courts of general jurisdiction and the power conferred on the judges to issue writs of *quo warranto* by section 758 of the Code of 1886, are not taken away, because of the establishment of such special tribunals, unless the same is done by plain language and with unequivocal certainty. To do this, such must be the manifest intention of the statute. And the same rule applies to statutory jurisdiction of the circuit court under chapter 14 of the Code of 1886.—*Ex parte Heath*, 3 Hill (N. Y.) 52; *People v. Hall*, 80 N. Y. 124; 1 Dillon Mun. Corp., § § 200, 202, and notes; 2 Dillon Munic. Corp., § 891, notes; *Parks v. State*, 100 Ala. 647; *People v. Londoner*, 6 Lawyer's Rep: Ann. 444, 446; *Moulton v. Reid*, 54 Ala. 327. The corollary from these legal principles inevitably follows, that the language that is asserted as inhibiting the jurisdiction of the courts of general jurisdiction or of statutory power

[The State *ex rel.* Harris v. Elliott.]

must be so interpreted and construed, so that the inhibition will operate no further, and in no way than is clearly manifested by the language.—*McKee v. U. S.*, 164 U. S. 287.

2. Because an election may be contested under the Code, it does not follow that the jurisdiction of the court is inhibited to try the matters mentioned in the petition. Section 3177 of the Code of 1886 inhibits and restrains the court from trying the validity of an election that can be contested under the Code. The inhibition is limited alone to trying the validity of such an election, not rights under the election, and no inhibition against the court inquiring into such rights.—*Parks v. State*, 100 Ala. 652. The inhibition is directed and is operative alone against trying the validity of such elections as therein named.—*Parks v. State*, 100 Ala. 652. Notwithstanding the inhibition contained in said section 3177 of the Code, the court has the power still to determine there was an election.—1 Dillon Munic. Corp., § 204 and cases there cited.—*Ex parte Heath*, 3 Hill (N. Y.) 42; *People v. Londoner*, 6 Law. Rep. Ann. 444, 446.

DORTCH & MARTIN and BURNETT & CULLI, *contra.*—The municipal government of Gadsden is but a part of the State government. The election held in March, 1897, was certainly an election held under the laws of Alabama. The mayor's election may be contested as is the election of a probate judge under the laws of the State. The law providing for contests of election of probate judge may be found in Acts of 1892-93, p. 474. It follows, therefore, that Elliott's election was subject to contest under the statute laws of the State.—*Parks v. State*, 100 Ala. 634; *Montgomery v. State*, 107 Ala. 372.

HEAD, J.—By the charter of the City of Gadsden (Acts, 1882-83, p. 281) a mayor is required to be elected by the people. It is provided that no person shall hold the office of mayor of the city who has not resided therein one year preceding the election. Sec. 14. A prescribed certificate of election is required to be given the mayor-elect which, by the terms of the act, entitles him to possession of his office immediately upon the expiration of the term of his predecessor, as fixed by law; subject, however, to the contestation of his right as, at

[The State *ex rel.* Harris v. Elliott.]

the time of the adoption of the charter was, or thereafter might be, provided by law for contesting elections of judges of probate in this State. Sec. 11. And by section 16, it is provided, "That any election, under this act, may be contested in the same manner as is now, or may hereafter be, provided by the laws of this State for the contest of elections of judge of probate, as far as the same will apply to contests under this act. When this charter was passed, and ever since, there was, and has been, a statutory system for contesting elections of judges of probate and other specified officers before special judicial tribunals created for the purpose, and according to prescribed forms or methods of procedure. The proceedings when had are judicial and finally determine the rights of the contestant and contestee in respect of their claims to the office. Eligibility of the person declared elected is made a ground or cause of contest, under this system. The respondent, James M. Elliott, Jr., was declared elected mayor of Gadsden and inducted into the office, and is now discharging the duties thereof.

Our Code, by a system separate from that for the contest of elections just referred to, preserves the substantial features of the pre-existing remedy by information in the nature of *quo warranto*, adapting to it prescribed forms of procedure.—Code of 1886, § 3167, *et seq.*; Code of 1896, § 3417, *et seq.*

By section 3177 (Code of 1896, § 3431), a part of that system, it is provided that "The validity of no election which may be contested under this Code can be tried under the provisions of this chapter."

Elliott's election was not contested, but the relator, in this case, now proceeds, by the information in the nature of *quo warranto*, seeking to oust him on the ground that he was ineligible by reason of non-residence in the city for a year next preceding his election; and the sole question presented is whether or not the remedy by contest, as in cases of probate judges, given by the charter, excludes the present remedy of *quo warranto*.

It seems to be well recognized that the general rule, established by the weight of authority is, that a special remedy given by the statute, for the contest of an election, is cumulative, and not exclusive of the ordinary jurisdiction of the courts unless the manifest intention

of the statute be to make such special remedy exclusive ; and such intention must be manifested by affirmative words to that effect. Judge Dillon says : "The prin- ciple is, that the jurisdiction of the court remains, unless it appears with unequivocal certainty that the legisla- ture intended to take it away."—2 Dill. Mun. Corp., § 141. In *Parks v. State*, 100 Ala. 634 (647 *et. seq.*) Chief Justice STONE stated that "the general ruling on this question is that the statutory contest does not dis- place the older remedy by *quo warranto*, unless the stat- ute so declares, or it is implied in its terms. That in the absence of such expression or implication, the stat- utory remedy is cumulative." And he collated and quoted from authorities on the question *pro* and *con.* The great weight of these authorities sustains the prin- ciple stated. The .text writers, like the adjudged cases, differ in their statements of the law upon the question. Thus Dillon on Mun. Corp., section 141, and McCrary on Elections, section 345, broadly declare the rule that the statutory contest and remedy by *quo warranto* are cumulative remedies, unless the statute makes the one exclusive of the other, following the rule declared by the New York, Wisconsin, Nebraska, Oregon, California and Colorado courts ; while Paine on Elections, section 860, Mechem Pub. Off. section 2, and High on Ex. Leg. Rem., 617, declare the opposite, following the rule of the Pennsylvania and Ohio courts. The cases of the first stated class combat the cases of Pennsylvania and Ohio, and are fully argued and considered. We feel con- strained to adopt the view expressed by Chief Justice STONE, in *Parks'* case *supra*, and hold, upon the great weight of authority, that, in the absence of statute to the contrary, the remedies are cumulative. The cases, as we said, are collected in the *Parks* case, but the con- venience of reference we set them out here : *Com. v. Leech*, 44 Penn. St. 332 ; *Com. v. Garrigues*, 28 Id. 9 ; s. c. 70 Am. Dec. 103 ; *Com. v. Baxter*, 35 Pa. St. 263 ; *State v. Marlow*, 15 Ohio St. 114 ; *People v. Every*, 38 Mich. 405 ; *Atty. Gen. ex rel. v. Barstow*, 4 Wis. 567 ; *State ex rel. v. Meesmore*, 14 Wis. 115 ; *People ex rel. v. Hall*, 80 N. Y. 117 ; *Kane v. People ex rel.*, 4 Neb. 509 ; *State ex rel. v. McKinnon*, 8 Oregon 493 ; *People ex rel. v. Holden*, 28 Cal. 124 ; *State ex rel. v. Frazier*, 44 N. W. Rep. (Neb.) 471 ; *People ex rel. v. Londoner*, 22 Pac. Rep. (Col.) 764 ;

[Jackson v. The State.]

*State ex rel. v. Boyd*, 48 N. W. Rep. (Neb.) 739; *Dudley v. Mayhew*, 3 Comst. (N. Y.) 9.

Upon due consideration, we reach the conclusion that the right to contest the election of mayor of Gadsden was not conferred by the Code. It was conferred alone by the special charter of the city. It is not, therefore, brought within the provision of section 3177 of the Code. It is true, the charter by reference to the laws of the State for the contest of elections of judges of probate adopts those laws, as defining the manner in which the right to contest the election of mayor shall be exercised, but that relates only to the grounds of contest and methods of procedure provided by those laws, and not to the *right of contest* itself, which is alone conferred by the charter. It would be an undue extension of section 3177 to hold that it referred to contests provided for by special acts creating charters of towns or cities.

The *quo warranto* proceeding now being pursued, being a remedy independent of statutory contests of elections, except where said section 3177 of the Code makes the latter exclusive, and as that section does not apply to the present case, the complaint, as amended, was properly filed. The judgment sustaining demurrers to the petition as amended, and dismissing the petition, is reversed and a judgment here rendered overruling said demurrers and remanding the cause.

Reversed, rendered and remanded.