(28 Misc. Rep. 95.)

### PEOPLE ex rel. WEST et al. v. CITY OF SYRACUSE.

(Supreme Court, Special Term, Onondaga County. June, 1899.)

PARTIES—TIME OF INTERVENTION.

Where a writ of certiorari, for the purpose of attacking a paving assessment, has been sued out within two weeks, as prescribed by Syracuse Charter, § 145, the court, in its discretion, may admit as parties other property holders after the two weeks have expired.

Certiorari by the people, on the relation of Eugene West and others, against the city of Syracuse. Application by Edward A. Powell and others to be made parties. Granted.

Francis B. Gill, for the application.
James E. Newell, opposed.

HISCOCK, J. The writ of certiorari in this proceeding was sued out for the purpose of having declared void and illegal, or modified, a certain assessment for laying a pavement upon West Genesee street, in the city of Syracuse. Under section 145 of the city charter it is provided that such writ must be applied for before the expiration of two weeks from and after the publication by the treasurer of said city of the first notice, required to be published by him, to the effect that the assessment roll for such improvement had been received by him. The writ was applied for and obtained by the original relators within such time. The present application by various property owners to be made additional parties to said proceeding was not made until after the expiration of such period. Upon the argument the petitioners stated that, if made parties, they would waive any of the grounds stated in their moving papers as reasons for having said assessments declared void other than those stated in the original petition and writ, and therefore the only important question left is whether they should be made parties.

The statute of limitations, urged by defendant, is a somewhat stringent one, and I feel disposed to go to a reasonable extent as a matter of discretion in allowing the additional property owners to be made parties. If the final result of the proceeding should be upon the line, somewhat suggested in the original petition and writ, of reapportioning certain parts of the assessment, there would be

no objection to having these additional parties brought in. In fact, it would be an advantage. Upon the other hand, if the relators should secure a final determination that the assessment was entirely void and illegal, defendant would not be much embarrassed by having these additional parties brought in. Under the provisions of the charter the court would have the right, if it saw fit, if it should find that the assessment was illegal, to set it aside as to all property owners, even if they were not made parties. Again, the petitioners would probably have the right to raise the question of the illegality of the assessment within certain limits by another action than this; and, if that is so, it would be better to have the question tried out in one proceeding rather than in two. Under these circumstances, I have concluded to grant the application. It is granted, however, upon the condition that the defendant shall have the right, by its return and answer, to raise the same questions and defenses, as to the petitioners, which it could raise if they had sued out an original writ of certiorari, instead of becoming parties by amendment to one already obtained.

Ordered accordingly.