CHARLES W. BOWLBY v. THE MAYOR AND CITY COUNCIL OF DOVER.

Submitted July 14, 1899—Decided November 13, 1899.

A *certiorari* was issued against a city corporation, pending proceedings by *quo warranto* to dissolve it, and before the *certiorari* was brought to a hearing a judgment of ouster was rendered, and the municipal government passed into the control of a previously existing town corporation. *Held*, that judgment should not be pronounced on the *certiorari* unless the town corporation was brought into court, and the prosecutor having failed to bring it in before the hearing, the *certiorari* should be dismissed.

On *certiorari*.

Before Justices DIXON and COLLINS.

For the prosecutor, *Eugene J. Cooper.*

For the defendants, *James H. Neighbour.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* was issued to set aside a resolution of the council of the city of Dover, passed February 14th, 1898, removing the prosecutor from the office of chief of police of the city, to which he had been appointed under "An act authorizing any town, township or borough, or part thereof, containing a population exceeding five thousand inhabitants, to incorporate as a city, after a vote of the people, and providing for the government and powers of such city," approved March 22d, 1895.

It appears that, in pursuance of this act, the municipality incorporated by "An act to incorporate Dover," approved April 1st, 1869, and designated as "The Mayor, Recorder, Aldermen and Common Councilmen of Dover," attempted in May, 1896, to become a city, and for that purpose formed itself into a corporation known as "The Mayor and City Council of Dover," and assumed the powers supposed to be conferred by the aforementioned act of 1895. Thereafter in May, 1897, the council of this corporation elected the prosecutor to be chief of police of the city, an office which existed, if at all, only by virtue of that statute.

It further appears that, on an information in the nature of *quo warranto,* filed by the attorney-general against the city corporation in December, 1897, the act of 1895 was declared to be unconstitutional, and a judgment of ouster was rendered against the defendant. Pending these proceedings this writ of *certiorari* was issued.

These facts make it evident that the corporation now in control of the municipal government of Dover must be that created by the act of 1869, and no judgment against the municipality should be pronounced without the presence of that corporation in court. It has not been made a party to this cause.

Moreover, it would seem that the judgment of ouster rendered against the city corporation necessarily terminated all right to public offices which formed part of the city government and could exist only as a part thereof. Such was the office of the prosecutor.

We think the writ of *certiorari* should be dismissed for want of the necessary party, but without costs.