GRAND RAPIDS & INDIANA RAILWAY CO. v. ALLEGAN
CIRCUIT JUDGE.

1. CERTIORARI—ADDITIONAL WRITS—JURISDICTION—DISCRETION.
In the exercise of a sound discretion, the circuit judge
should have directed the issuance of additional writs of
certiorari directed to the probate judge and the special
commissioners before whom certain drain proceedings
were heard, to return the records and proceedings therein,
where, in their return to the writ of certiorari removing
said proceedings to the circuit court for review, the county
drain commissioners, against whom the writ was directed,
returned that they were unable to say as to the correct-
ness of attached copies of said proceedings, and that the
only persons who might return the same or answer as to
the correctness would be the judge of said probate court
and such special commissioners.

2. SAME—LIMITATION OF ACTIONS—NEW PARTIES.
Where plaintiff acted seasonably and within the ten days
limited by the statute (section 4908, 1 Comp. Laws 1915),
to secure a review in the circuit court of the proceedings,
additional writs should issue as a matter of course, even
after the expiration of the time limited by the statute;
section 12364, 3 Comp. Laws 1915, providing that new
parties may be added at any stage of the cause, as the
ends of justice may require.

Mandamus by the Grand Rapids & Indiana Rail-
way Company to compel Orien S. Cross, circuit judge
of Allegan county, to vacate an order denying a mo-
tion for additional writs of certiorari in certain drain
proceedings. Submitted June 18, 1918. (Calendar
No. 28,149.) Writ granted September 27, 1918.

*James H. Campbell* (*Elvert M. Davis*, of counsel),
for plaintiff.

*Charles Thew*, for defendant.

This is an application for mandamus to compel the

vacation of an order of the circuit judge denying a motion to issue additional writs of certiorari to review proceedings for cleaning out, deepening, and extending the Bisbee drain. The record discloses that on May 24, 1917, the drain commissioners of Allegan county and Kent county made a final order of determination in connection with the cleaning out, deepening, and extending of said Bisbee drain. Prior to said date and on April 18, 1917, three special commissioners appointed by the probate court made a return in writing that a public necessity existed for the cleaning out, deepening, and extending of said drain; that it was necessary to take the property of the railway company described in the petition for such purpose and awarding the railway company the sum of $600 as compensation. On June 2, 1917, and within ten days from the date of the filing of the final order of determination the railway company served notice upon the drain commissioners that it intended to remove said proceeding to the circuit court for the county of Allegan by writ of certiorari for the purpose of review and on the same day presented to a circuit court commissioner for Allegan county an affidavit for writ of certiorari accompanied by the statutory bond. The writ was allowed on the same day, June 2, 1917, by said circuit court commissioner, attested in the name of the circuit judge for Allegan county; directed to and served upon the drain commissioner for Allegan county and the drain commissioner for Kent county. By said writ said officials were commanded to certify to the circuit court the records and proceedings in connection with said drain proceeding. The writ recites that the affidavit for the writ has attached to it certified copies of the testimony taken before the probate court and before the special commissioners. The drain commissioners are therefore excused from making service of a copy of such testimony. To this writ

the drain commissioners of the two counties concerned made full returns. Referring to the testimony taken before the judge of probate and before the special commissioners, the return of the drain commissioners is to the effect that they cannot say as to the correctness of such certified copies, and aver that the only parties who might return the same or answer to the correctness of the same would be the judge of said probate court and such special commissioners. Thereupon an application was made by the railway company on June 13, 1917, for additional writs of certiorari to be directed to the judge of probate and the special commissioners appointed by the probate court commanding them to make a return of all proceedings had before said court or said special commissioners in relation to said drain. This motion was denied by the learned circuit judge on August 2, 1917, but in denying said application the following order was made:

"It is further ordered that the said respondents be required to make further answer to said writ of certiorari as to the testimony given by them in probate court and before the special drain commissioners, and to answer as to whether or not the testimony set forth in the affidavit for the writ of certiorari is the testimony as given by them before the judge of probate and before said special drain commissioners."

To the order to show cause issued in this case the learned circuit judge who heard it returns in part as follows:

"The following points were discussed and considered:

"*First.* Whether the drain commissioners could be compelled to make further return as to the matters which they did not do in their official capacity and as to the proceedings in the probate court and before the special commissioners.

"*Second.* Whether two new and separate certioraris should be ordered issued by said court."

And further:

"That as to paragraph 17 this respondent says, that he admits the matters therein set forth, but alleges in addition thereto that the order presented to the commissioner for a certiorari was drafted by the counsel for petitioner, to suit his demands on said application, and that said commissioner did not refuse to grant him the certiorari that he asked for.

"That as to paragraph 27 this respondent admits that the affidavit for certiorari was filed; that the return was made and that the exhibits attached are substantially correct; that he has no knowledge whether the evidence taken by the stenographer is true and gave a full account of all the evidence received but insists that what such evidence is should be returned by the probate court and special commissioners before whom the same was taken, and that the drain commissioners cannot be required to state whether said evidence is full and correct.

"And in further answer to said paragraph this respondent insists, that a large portion thereof is argumentative and that in so far as it quotes the answer of said drain commissioners to the affidavit for certiorari, that said answer, being an exhibit, should be taken as a whole and so construed and that the reason why said drain commissioners did not in such answer reply to all the matters set up in the affidavit for certiorari, that the matters which they did not reply to were such that either the probate court or special commissioners should have replied to, being matters before them in their official capacity and not matters which said drain commissioners could answer or return upon."

BROOKE, J. (*after stating the facts*). It is the contention of counsel for defendant that the circuit court was without power to grant the additional writs of certiorari. This position is predicated upon the fact that the statute, 1 Comp. Laws 1915, § 4908, provides that notice of such certiorari shall be served upon the county drain commissioners within ten days after the final order of determination has been filed. It

appears to be conceded that the railway company proceeded strictly in accordance with the terms of the statute to secure a review in the circuit court, but the return of the drain commissioners shows that they are unable to make return of the proceedings before the probate court as well as those before the special commissioners. The argument is made that, because this application for additional writs was made after the expiration of the ten days limited by the statute, the circuit court is without jurisdiction to issue the additional writs. The railway company filed no new affidavit and alleged no additional errors. It is asserted on behalf of the company that returns should be secured from both the probate court and the special commissioners in order that the circuit court may be possessed of all matters and proceedings to enable it to intelligently pass upon the alleged errors. It is, of course, true that one desiring to review drain proceedings by certiorari is limited strictly by the statute, but in the case at bar it appears to us that the petitioner acted seasonably and that if the drain commissioners are unable to make return of all proceedings affecting the establishment of the drain and bearing upon the rights of the petitioner, that additional writs should issue as a matter of course even after the expiration of the ten days limited by the statute. That the drain commissioners are unable to make a full and complete return is apparent both by their return to the writ issued against them and from the return of the learned circuit judge to the order to show cause herein. Section 13, chapter 12, of the judicature act (3 Comp. Laws 1915, § 12364) provides:

"No action at law or in equity shall be defeated by the non-joinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

In certiorari it has been held that in the discretion of the court, others standing in the same relation as the original relators to the proceedings sought to be reviewed may be admitted to occupy the same position, although the time limited for suing out the writ has expired. *People, ex rel. West,* v. *City of Syracuse,* 59 N. Y. Supp. 763, and where it is necessary to add new parties before the hearing to aid the court to render a decision the same may be done. *Bowlby* v. *Mayor, etc., of Dover,* 64 N. J. Law, 184 (44 Atl. 844).

The court below must hear this case under the writ of certiorari already issued. We can see no reason, when such hearing is had, why the court in reaching its determination should not be aided by whatever may be made to appear through the returns made by the probate judge and the special commissioners. We have no hesitation in holding that the jurisdiction of the circuit court to issue writs was not exhausted by the issuance of the first writ against the drain commissioners and that in the exercise of sound discretion he should have directed the issuance of additional writs directed to the parties against whom the same were sought. Mandamus will issue.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.