SCHOOL DISTRICT NO. 1, FRACTIONAL, OF THE TOWN-
SHIPS OF BETHANY AND PINE RIVER AND THE
CITY OF ST. LOUIS *v.* THE JOINT TOWN-
SHIP BOARDS OF THE TOWNSHIPS
OF BETHANY AND PINE RIVER.

1. SCHOOLS AND SCHOOL DISTRICTS—RIGHT OF APPEAL FROM RE-
FUSAL OF TRUSTEES TO CHANGE BOUNDARIES OF DISTRICT.
   The right of appeal to the probate judge, under Comp.
   Laws Supp. 1922, § 5737, from the refusal of school trustees
   to consent to a change in the boundaries of a school dis-
   trict is granted only to a limited class, viz., they must
   be three in number, must be resident taxpayers, and must
   have children between the ages of five and twelve years.[1]

2. SAME — ACTION OF TRUSTEES FINAL AS TO NONAPPEALING
   PETITIONERS.
   Where only three of ten petitioners appealed from the
   refusal of the school trustees to consent to a change in
   the boundaries of the school district by detaching
   petitioners' lands from said district and attaching them to
   other districts, the action of the trustees as to the non-
   appealing petitioners was final.[2]

3. SAME—RIGHT OF APPEAL IS STATUTORY.
   In view of the settled policy of the State to strengthen
   the graded schools and make it difficult to take from
   them portions of their territory, as evidenced by the
   statutes relating thereto, and the fact that the right of
   appeal from the refusal of school trustees to consent to
   detaching petitioners' lands from the school district and
   attaching them to others is statutory, the decision of
   the court below that the successful appeal of the three
   petitioners did not operate to bring before the township
   boards the question of the lands of the seven nonappealing
   petitioners was correct, although, in order to effectuate
   the prayer of the three appellants for relief, the petition
   of the nonappealing petitioners must be granted.[3]

4. CERTIORARI—AMENDMENT TO PETITION ALLOWABLE.
   The statute of amendments (3 Comp. Laws 1915, § 12478)
   is broad enough to authorize an amendment to a petition

---

[1]Schools and School Districts, 35 Cyc. p. 835; [2]Id., 35 Cyc. p.
835; [3]Id., 35 Cyc. p. 835.

for certiorari to review the action of township boards
in detaching certain lands from one school district and
attaching them to others, to include the question as to
the validity of such action under Comp. Laws Supp. 1922,
§ 5656, requiring "the consent of a two-thirds majority
of the resident owners of said land."[4]

5. SCHOOLS AND SCHOOL DISTRICTS—DISTRICT IS AN ENTITY.

A school district is an entity whether its lines coordinate
with those of one municipal corporation or it takes in
parts of many political subdivisions.[5]

6. SAME—STATUTE PROVIDING FOR CHANGING BOUNDARIES OF DIS-
TRICT TAXED FOR BUILDING SCHOOLHOUSE CONSTRUED.

The provision of Comp. Laws Supp. 1922, § 5656, provid-
ing that no land which has been taxed for building a
schoolhouse shall be set off by the township board into
another district for the period of three years thereafter
except by consent of a two-thirds majority of the resident
owners of said land, means a two-thirds majority of the
owners of land in the school district as an entity, and not
two-thirds of the resident owners of land in a certain
township, which constitutes but a fragment of the district.[6]

MCDONALD, C. J., and CLARK and SHARPE, JJ., dissenting.

Error to Gratiot; Moinet (Edward J.), J.    Sub-
mitted October 8, 1925.    (Docket No. 25.)    Decided
December 22, 1925.

Certiorari by school district No. 1, fractional, of the
townships of Bethany and Pine River and the city
of St. Louis against the joint township boards of the
townships of Bethany and Pine River to review and
set aside an order and determination changing the
boundaries of certain school districts.    Judgment for
plaintiff.    Defendant brings error.    Affirmed.

*O. G. Tuttle,* for appellant.

*Mathews & Montigel,* for appellee.

FELLOWS, J.    The trial judge so clearly stated the
subject-matter of this litigation and the proceedings

---

[4]Certiorari, 11 C. J. § 159; [5]Schools and School Districts, 35
Cyc. pp. 833, 833 (Anno); [6]Id., 35 Cyc. p. 847 (Anno).

reviewed that we adopt his statement as a statement of the case.   It is as follows:

"This is a proceeding by certiorari to review certain proceedings of the township boards of Bethany and Pine River, in detaching upwards of two hundred (200) acres of land from said school district No. 1, and attaching the same to said school districts 7 and 8, township of Bethany.   The proceeding is instituted by the school officers of the said district No. 1, city of St. Louis, and it is their claim, in their petition for certiorari that such proceedings, and the detachment of such property, are void and of no force and effect for numerous reasons.

"A petition was filed by certain property holders, some of whom were residents of said fractional district No. 1, directed to the township board of township of Bethany, Gratiot county, Michigan, praying that their property therein described be detached from said fractional district, and attached to said districts 7 and 8, Bethany; that said petitioners also directed a request to the board of education of the school district No. 1, fractional, that said board consent that the territory described therein be detached from said school district No. 1, fractional, and attached to school districts 7 and 8, and that later on said board of education took action upon said request and unanimously refused to grant such consent; that thereafter three of said petitioners, who had the statutory qualifications under section 5737 of the Compiled Laws of 1915 (having children between the ages of five and twelve years, residing one and one-half miles or more from a schoolhouse in such district) appealed under said statute to the judge of probate of said county, whereupon such proceedings were reviewed and an order made and entered by said judge of probate setting aside such refusal to consent, and directing the township boards to proceed to hear the original petition; that thereafter notice was served by the township clerk for Bethany and Pine River, upon the officers of the school district of said city of St. Louis, fractional, No. 1, and notices were posted regarding a meeting to be had by said joint boards, and proof of service and posting of such notices was filed at such hearing.   Thereupon said matter was heard by the

said township boards of Bethany and Pine River, the officers of the school district No. 1, fractional, having appeared specially and challenged the jurisdiction of said boards to hear said petition, by proper and appropriate objections duly filed, and upon such hearing all of the lands described in said petition were detached from said school district No. 1, fractional, and some lands were attached to school district No. 7 and other lands to school district No. 8 of said township of Bethany, and detached from said fractional district No. 1."

Numerous objections were urged against the validity of these proceedings which were fully considered by the trial judge. They are all discussed at length in the exhaustive briefs of counsel as well as several questions of practice. I shall not, however, follow counsel through their discussion of many interesting questions as I am satisfied two meritorious objections establish the invalidity of the proceedings.

1. The petitioners, ten in number, first applied to the trustees of plaintiff district under the provisions of section 5737, 2 Comp. Laws 1915, for consent to change the boundaries of the district and such consent was unanimously refused. The provision requiring such consent will be found in Act No. 170, Laws 1871, § 13. This provision applicable to graded schools was mandatory, prohibited any change unless such consent was given, and such consent and a proper record of it was jurisdictional, and without both consent and proper record of such consent any change in the boundaries was invalid. *Burnett* v. *School Inspectors*, 97 Mich. 103. In 1899 provision was made for appeal to the judge of probate. Act No. 258, Pub. Acts 1899. It should be noted that this act purported to amend section 4746, 2 Comp. Laws 1897, although the provision amended is found in section 4749. Further amendments will be found in Act No. 83, Pub. Acts 1909, and Act No. 351, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5737). But

the right of appeal was expressly limited and I think it is apparent the legislation was designed to grant the right of such appeal to a limited class without detracting from the settled policy of the State to strengthen and build up graded schools, fully reviewed by Mr. Justice COOLEY in *Stuart* v. *School District,* 30 Mich. 69. The right to such appeal was carefully circumscribed. The appellants must be three in number, they must be taxpayers and resident taxpayers at that; they must have children between the ages of 5 and 12 years. No one not so circumstanced can appeal under this statute, all others are without such right, and, I think it must necessarily follow, are bound by the action of the board. In the instant case I think the probate judge misconceived his power under the statute, but that may be unimportant. Defendant boards proceeded on the theory that the order of the probate judge inured to the benefit of the seven nonappealing petitioners as well as to the three appealing petitioners, and that it opened up the whole matter for consideration by them, and they set over into the township district lands of nonappealing as well as lands of appealing petitioners. I think the boards in thus acting proceeded under an erroneous construction of the law which is subject to review on certiorari. This may in the instant case work a hardship as the lands of two of the appellants are not contiguous to the township district, and nonappealing petitioners must be granted this petition in order to effectuate these appellants' prayer for relief. But the proceedings are purely statutory and the statutory provisions evidence a settled policy of the State to strengthen the graded schools and to make it difficult to take from them portions of their territory. I think the trial judge correctly held that the successful appeal of three of the petitioners did not operate to bring before the boards the full matters involved in the

petition and that the refusal of the trustees of plaintiffs' district of consent to set over the lands of the seven nonappealing petitioners was final.

2. Plaintiff district consists of the city of St. Louis and portions of the townships of Bethany and Pine River in Gratiot county. It had recently erected a school building and issued its bonds in the sum of $35,000 payable in five years and the lands detached had been assessed therefor. The owners of these bonds were entitled to look to their full security for the payment of the bonds and any attempt to lessen their security would be invalid as to them. *Finn* v. *Board of Sup'rs of Bay Co.*, 167 Mich. 166. As concerns the rights of bondholders the territory included in the district could not be lessened by detaching therefrom any portion. Of course, if the district after the detaching of portions of its territory, paid the bonds as they matured, this question would not and doubtless could not be raised by the bondholders. The burden, however, would, under such circumstances, fall more heavily on the territory left in the district. I think these considerations should be borne in mind in considering the legislation to which I shall now refer. Plaintiff insists that under the provisions of Act No. 351, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5656), these lands could not be detached without the consent "of a two-thirds majority of the resident owners of said lands," and that the words "resident owners of said lands" had reference to the resident owners of all the lands in the district and as such consent had not been obtained the proceedings to detach were void. This question was brought into the case by an amendment to the petition and a supplementary answer. Defendants' counsel here assign error on permitting the amendment, but the record does not disclose that any objection was made in the court below to the amendment or that this

question was not considered in the court below upon its merits without objection. However, our statute of amendments is broad enough to permit the amendment (3 Comp. Laws 1915, § 12478), and the court in its discretion would be authorized to issue additional writs of certiorari in order to fully and properly dispose of all questions in the case. *Grand Rapids, etc., R. Co.* v. *Allegan Circuit Judge,* 203 Mich. 99.

I quote the section as amended by the act of 1919, italicizing the words here under consideration:

"A township board may in its discretion detach the property of any person or persons from one district and attach it to another: *Provided, however, That no land which has been taxed for building a schoolhouse shall be set off into another district for the period of three years thereafter except by the consent of a two-thirds majority of the resident owners of said land;* and no district shall be divided into two or more districts without the consent of the majority of the resident taxpayers of said district, and no two or more districts shall be consolidated without the consent of a majority of the resident taxpayers of each district." Section 9, chap. 2, Act No. 351, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5656).

I have noted the fact that the district included lands in Bethany township, some of which were detached. The petitioners in the proceedings were resident owners of more than two-thirds of the lands of plaintiff district located in that township and it was urged in the supplementary answer and is here urged, that the township boards were authorized to detach lands from this school district on consent (as evidenced by their petition) of two-thirds of the resident landowners of that part of the district located in the township even though such lands were but a fragment of the entire district. But I think this too narrow a construction of the statute. The patent purpose of the statute was to preserve a school district which owed for its schoolhouse intact for the period named

unless the statutory number consented otherwise. The legislation was in the interest of the district and the "said lands" referred to the lands in the district which had been taxed for building a schoolhouse and all of them.

The school district is an entity whether its lines coordinate with those of one municipal corporation or it takes in parts of many political subdivisions. The cost of building a schoolhouse is laid on that entity and all of it. To relieve lands of that burden there must be consent by the statutory number of the qualified owners of lands of that entity, not of some other entity, nor of the fragments of townships which contribute to make up the whole. Any other construction of this statute would thwart the wholesome purpose of this legislation.

I think the judgment should be affirmed.

BIRD, MOORE, STEERE, and WIEST, JJ., concurred with FELLOWS, J.

SHARPE, J. (*dissenting*). The power conferred on township boards to alter the boundaries of school districts is restricted by two provisions of the law, one appearing in section 5656 and the other in section 5737, 2 Comp. Laws 1915. Both were amended by Act No. 351, Pub. Acts 1919.

1. The restriction contained in section 5656 before the amendment read:

"Except that no land which has been taxed for building a schoolhouse shall be set off into another school district for the period of three years thereafter, except by the consent of the owner thereof."

It now reads:

"*Provided, however,* That no land which has been taxed for building a schoolhouse shall be set off into another district for the period of three years thereafter except by the consent of a two-thirds majority of the resident owners of said land."

Omitting the language unnecessary for the determination of the question here presented, they respectively read:

"No land  *  *  *  shall be set off  *  *  *  except by the consent of the owner thereof."

"No land  *  *  *  shall be set off  *  *  *  except by the consent of a two-thirds majority of the resident owners of said land."

It seems clear to me that, as the word "thereof" in section 5656 undoubtedly referred to the land sought to be detached, the words "resident owners of said land" in the amendment also refer thereto. The purpose of the provision before the amendment was perfectly plain. The land of a taxpayer which had been taxed for building a schoolhouse in one district could not be set off into another for three years thereafter without his consent. The purpose of the amendment, it seems to me, is also clearly apparent.

Let us suppose that district No. 1 in Bethany is composed of nine sections in the northeast corner of that township. District No. 4 in Pine River adjoins it on the north. An application is made to detach the northeast quarter of section one in Bethany from district No. 1 and attach it to district No. 4. The schoolhouse in Pine River is much nearer this land than the one in Bethany. A. owns the northeast quarter, B. the northwest quarter, C. the southwest quarter, and D. the southeast quarter, of the said northeast quarter of section one. B., C. and D., who have small children of school age, desire the alteration to be made, and consent thereto. A. refuses to consent. The lands owned by B., C. and D. could not be set off into the Pine River district without A.'s consent because it would leave his land in the Bethany district, and that district would not then be composed of contiguous territory, as is re-

quired by section 5648. Under the amendment, the change may now be made.

The determination, however, rests in the sound discretion of the township board. It may not be exercised arbitrarily. Under the old law an appeal might be taken from the action of the board of school inspectors to the township board (2 Comp. Laws 1897, § 4743), and the discretion thereupon became lodged in that body. *Lord* v. *Every*, 38 Mich. 405, 406. Under the law as it now is, an appeal may be taken by any five or more taxpaying electors to the county commissioner of schools and a circuit court commissioner of the county. 2 Comp. Laws 1915, § 5731; *School District* v. *Green*, 190 Mich. 371. This board of appeals shall "review, confirm, set aside or amend the action, order or decision of the township board or boards thus appealed from."

The use of the words "resident owners" is suggestive of the legislative intent. Unless an owner whose land will be affected by the alteration lives upon it, and presumably has children to attend a school, he may not give his consent.

The legislative history of the amendment is instructive. The bill as introduced in the house made no change in the language following the word "consent." It affected other parts of the section. The committee on education reported, recommending an amendment striking out the words "of the owner thereof" after the word "consent," and adding "of a two-thirds majority of the resident owners." When the bill was under consideration in committee of the whole, a substitute was adopted in which the provision read as now in the statute—"except by the consent of a two-thirds majority of the resident owners of said land." If the legislature intended by the amendment to make so radical a change as to provide that the consent, formerly required of the landowner affected, must now be given by two-thirds of the resident land-

owners of the entire district, "we might expect to find a clear legislative expression to that effect." *Board of Education* v. *Board of Estimates*, 230 Mich. 495, 497. In my opinion, the provision is for the benefit of those whose land is sought to be detached, and not for the benefit of the other taxpayers of the district.

2. The other restriction requires the consent of a majority of the board of education of the plaintiff district, it being a graded school district. 2 Comp. Laws 1915, § 5737. The record shows that consent was refused. The statute provides:

*"Provided, however,* That any three or more tax-paying electors having children between the ages of five and twelve years, residing one and one-half miles or more from a schoolhouse in such district, feeling themselves aggrieved by any action, order or decision of the board of trustees with reference to the alteration of said school district affecting their interests, may, at any time within sixty days from the time of such action on the part of said board of trustees, appeal from such action, order or decision of such board of school trustees to the judge of probate of the county in which such schoolhouse is situated, in the same manner, as nearly as may be, as appeals from the action of the township board, as provided by chapter nine of this act. Said appellants shall file a bond with said judge of probate, with sufficient sureties to be approved by said judge of probate, in the penal sum of not exceeding two hundred dollars in the discretion of the court, indemnifying said school district of any and all costs made on such appeal in case the appellants shall not prevail therein. Whereupon said judge of probate shall be empowered to entertain such appeal, and review, confirm or set aside or amend the action of the board of trustees appealed from."*

The words "residing one and one-half miles or more from a schoolhouse in such district" were eliminated by the amendment of 1919. I cannot agree with Mr. Justice FELLOWS in the construction he places

233—Mich.—22.

upon this proviso. If the board of the graded school district refuse consent, "any three or more taxpaying electors having children between the ages of five and twelve years, feeling themselves aggrieved" by such refusal "affecting their interests," may appeal to the judge of probate.

The purpose of the appeal is to review the action of the board in refusing to consent that certain territory be detached from their district. Any three of those who feel themselves aggrieved, and whose interests are affected, and who have children between the ages of five and twelve, may appeal. If an appeal be taken, in my opinion it brings before the judge of probate the same question passed upon by the board of education, Shall consent be given to the detachment of the territory described in the application or petition presented to the board? The construction placed upon this proviso by Mr. Justice FELLOWS will, I think, in most cases, render it nugatory. If I am right in the construction I have placed on the proviso in section 5656, as amended, and the land of A. in the supposititious case presented may be set off without his consent, no benefit would accrue therefrom to B., C. and D., if their lands lie in a graded district and the board refuse consent, because, of course, A. would not join in the appeal, and action of the judge of probate would be futile without his doing so, for the reason stated.

In considering these several provisions, we must not lose sight of the purpose sought to be accomplished. In *Roeser* v. *Gartland*, 75 Mich. 143, 146, it was said:

"The object of the statute is to allow the inspectors to embrace within the district sufficient land upon which taxes may be laid to support schools, build schoolhouses, and defray the ordinary expenses, without being burdensome to the taxpayer; and also to bring the remotest residents of the district within such proximity to the schoolhouse as to enable their children to attend the school."

There is a limit to the distance which young children may travel in order to reach a schoolhouse. The statute providing for compulsory education (2 Comp. Laws 1915, § 5979 *et seq.*) exempts from its provisions children "under nine years of age, whose parents do not reside within two and one-half miles, by the nearest traveled road, of some public school," unless transportation be furnished them.

Under the law as it existed prior to 1901, no district could contain more than nine sections of land. 2 Comp. Laws 1897, § 4646; *Simpkins* v. *Ward*, 45 Mich. 559. This restriction was removed by Act No. 37, Pub. Acts 1901, and there is now no limit to the amount of land which a district may contain. We may take judicial notice that in the northern part of the State unoccupied land situate five or six miles from a schoolhouse now forms a part of such district. I think it may be said that there is now no land in the State which is not included in a school district.

When a sufficient number of settlers go upon such land to justify the formation of a school district, application may be made therefor. A change in the location of the schoolhouse in a district long established may seemingly necessitate an alteration in the boundaries of several districts so that small children may be permitted to attend the school in the district in which their parents live without traveling much farther than they would if such change be not effected. The location of the schoolhouse in the plaintiff district is not shown in the record. It does appear that a part of the land sought to be detached from it lies within about half a mile from the schoolhouse in district No. 8 of Bethany, and, if plaintiff's schoolhouse be located near the center of the city of St. Louis, it is more than two miles therefrom.

It will be noticed that the appeal to the judge of probate may be taken only by resident taxpayers hav-

ing children between the ages of five and twelve years. A number of taxpayers may desire the alteration, and apply therefor. If the consent of the graded school board be refused and an appeal, if taken, inures only to the benefit of the individual appellants, taxpayers who do not have children between the ages stated at the time may not have their lands set off, although some of their children may reach the age of five a few days thereafter.

In my opinion, the township board or boards should not be hampered in the exercise of the discretion conferred on them by the statute by a construction of its provisions which will render them powerless to act.

The establishment of graded school districts should be encouraged. A better school may be maintained therein. The sentiment in favor of the enlargement of districts is evidenced by the fact that advantage is being taken of the provisions of law for their consolidation (Comp. Laws Supp. 1922, § 5766). But such sentiment should not control in placing a construction upon provisions of law designed to afford opportunity for young children to attend school without traveling an unreasonable or unnecessary distance from their homes.

Under the law as I construe it, the interests of the graded district are carefully guarded. Should an application be made to detach territory from such a district, the consent of its board of education must be asked. If refused, an appeal must be taken by at least three taxpaying electors who have young children of school age, and whose interests are affected by such refusal. Should the judge of probate hold that such consent should have been granted, and the township boards, acting thereon, make an alteration in the boundaries of its district, an appeal may be taken from the order made to a board of appeals, heretofore referred to, and I think it may be safely assumed that

the boundaries of a graded district will not be changed by this board unless such action be fully justified by the facts disclosed at the hearing before it.

The order of the circuit court should be reversed and set aside, and the action of the joint meeting of the township boards should be affirmed, with costs to appellants.

MCDONALD, C. J., and CLARK, J., concurred with SHARPE, J.