174 So. 498

## REED et al. v. STATE ex rel. DAVIS.

### 1 Div. 944.

Supreme Court of Alabama.

May 13, 1937.

Rehearing Denied June 3, 1937.

Geo. A. Sossaman, of Mobile, for appellants.

Jesse F. Hogan, of Mobile, for appellee.

**BROWN, Justice.**

This appeal is from the judgment of the circuit court granting a peremptory writ of mandamus commanding the appellants to count, tabulate, and make proper return of the votes cast for the relator, Davis, in precinct 27, Mobile county, for the office of justice of the peace of said precinct in the general election of November, 1936.

The petition avers and the proof shows that two justices of the peace were due to be elected in said election for said precinct; that there was but one candidate on the official ballot, which so far as here pertinent was in the following form:

| For Justice of Peace Precinct No. 27: | * Democratic * ( ) Joseph I. Cabler* ( ) | * Independent |
| --- | --- | --- |
| Vote for One | * ( ) | * ( ) |

At the election, something over 600 votes were cast for Cabler, and the petition concedes that the votes so cast for him were duly counted, tabulated, and returned, and that Cabler was duly elected to one of said offices.

That the name of the relator, Davis, was written in the blank under the name of Cabler by 20 electors, who voted for both, Cabler and Davis, by placing an (X) in the appropriate space in front of their names.

The election inspectors did not tabulate and certify said votes cast for the relator, because some of them held, they were illegal ballots, and no report of the votes cast for Davis was made in the return to the board of supervisors.

The appellants' first contention here is that mandamus is not the appropriate remedy, that the relator should have contested the election either under the statute, Code 1923, §§ 545–567, or by quo warranto.

The relator does not question the validity of the election nor the right of any person declared to be elected therein to hold office under such election, therefore neither a contest of the election or quo warranto could reach the irregularities or remedy the wrong of which he complains. State ex rel. Harris v. Elliott, 117 Ala. 150, 23 So. 124; Parks v. State ex rel. Owens, 100 Ala. 634, 13 So. 756. See Leigh v. State ex rel. O'Bannon, 69 Ala. 261.

His sole contention is that the votes cast for him were legal and that he has a clear legal right to have the same counted, tabulated, and reported to the board of election supervisors, so that the result thereof may be declared. It is well settled that the duties of election inspectors are purely ministerial, and that mandamus is the appropriate writ to compel them to perform their duties of counting, tabulating, and certifying the result of the election in their respective precincts. Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317; Hudmon et al. v. Slaughter, 70 Ala. 546; Green v. Adams, 119 Ala. 472, 24 So. 41.

The blank official ballot furnished to the electors in said precinct 27, Mobile county, did not conform to the requirements of the statute in that in the space provided to vote for justices of the peace, the form had printed thereon "Vote for One" when it should have been "Vote for Two." Code 1923, § 469. However, this irregularity could not deprive the electors of the privilege of voting for two—the number of offices to be filled—Code 1923, §§ 8700, 8701.

The elector was authorized by the statute to write the name of a person for whom he desired to vote in the proper place on the ballot and indicate his choice as required by law. Code 1923, §§ 475, 476. And under the law a vote so cast must be counted, tabulated, and reported to the board of supervisors, unless "it is impossible to determine the elector's choice for any office to be filled." Code 1923, § 504; Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845.

The existence of precinct 27, Mobile county, was but a collateral issue in the case, and its existence was not denied. The evidence shows that appellants acted as election officers therein in holding the election, that such election was held and returns thereof made. These undisputable facts were sufficient to authorize the court to find that there was such precinct if its existence had been a direct issue in the case. Moreover, the appellants, who acted as officials of the election in said precinct 27, are in no position to dispute the existence of such precinct, in this case. The question involved in State ex rel. Edmunds v. Moses et al., 231 Ala. 215, 164 So. 562, was not the existence of the commissioners district, but the boundaries thereof.

This is not an election contest, and therefore conceding the soundness of the holding announced in Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126, that, "It is

not permissible to ask a voter, in an election contest, as to whether he had registered as a voter prior to the election," that case is not an apt authority here where the qualification of the relator is only a collateral issue, as to which the best evidence rule is not applicable. Garrison v. Glass, 139 Ala. 512, 36 So. 725; 5 Mayfield's Digest, 367, § 29.

The writing of the name of the relator, Davis, in the Democratic column under the name of Cabler, was authorized and if the elector by the appropriate mark indicated that he voted for both Cabler and Davis for the office of justice of peace, there being two such offices to be filled, this was a legal vote, and is due to be counted, tabulated, and returned to the board of supervisors, notwithstanding the blank furnished for ballots embodied the statement—"Vote for One."

The right of the electors could not be restricted by the error of the official upon whom the law imposed the duty of preparing and having printed the ballots for the election.

The rulings of the circuit court are in accord with the foregoing, and finding no errors on the record, the judgment awarding the writ is due to be affirmed.

It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.