(No. 24455.—)
LYNNE LACY, Appellee, *vs.* ROBERT RHODES, Appellant.

*Opinion filed June 15, 1938.*

ROSCOE C. BONJEAN, for appellant.

GIFFIN, LINDNER, NEWKIRK & JONES, (C. TERRY LINDNER, of counsel,) for appellee.

Mr. Chief Justice Shaw delivered the opinion of the court:

A township election was held April 6, 1937, in Salisbury township, Sangamon county, at which the poll-lists showed two hundred twenty-five electors voted. That township comprised but one voting precinct and only two hundred twenty-five of the electors voted for the candidates for the office of township supervisor. When the election officials opened the ballot-box it was found to contain two hundred twenty-six ballots and, of these, five bore no initials of a judge of elections. Without opening or unfolding these five, they drew one of the five ballots and sealed it in an envelope marked "Ballots objected to." They then counted all the other ballots, including the four remaining uninitialled ones. Rhodes was declared elected over his opponent Lacy by a vote of one hundred twelve to one hundred eleven.

In his suit in the county court of Sangamon county, to contest the election of Rhodes, Lacy did not charge fraud, but insisted that none of the uninitialled ballots should have been counted. The county court upheld this contention and declared him elected to the office by a vote of one hundred ten to one hundred nine. Rhodes has appealed from that decision.

The appellant contends that section 22 of the Australian Ballot law (Ill. Rev. Stat. 1937, chap. 46, par. 311, p. 1479) was declared to be directory and not mandatory by our decisions in *Waters* v. *Heaton,* 364 Ill. 150, and *Neff* v. *George,* id. 306. He insists that, in the absence of fraud, a non-compliance with this section of the act in any particular, by the judges of election, does not invalidate a ballot. He called three witnesses who testified that they were entitled to vote in the precinct and that, at this election, they marked uninitialled ballots for Rhodes, given them by one of the election judges. These judges testified that they did not intentionally hand to any voter an uninitialled ballot but that such an error might possibly have occurred.

Section 22, *supra,* provides, in part, that one of the judges shall give each voter one and only one ballot, and that he shall endorse his initials on the ballot so that they may be seen when it is properly folded. Section 26 of the same act provides, in part: "No ballot without the official endorsement shall be allowed to be deposited in the ballot-box, and none but ballots provided in accordance with the provisions of this act shall be counted."

The *Waters* and *Neff cases, supra,* involved ballots initialled by one judge with the initials of another, and, under the facts presented in those cases, we held that such ballots were valid and should be counted. In the *Waters case* we referred to the different situation presented where a ballot bears no initials of an election judge, and our holdings that such ballots are void.

In *Kelly* v. *Adams,* 183 Ill. 193, an uninitialled ballot was decisive of the election contest. We quoted the language from section 26, set out above, and held that such a ballot could not be counted, saying: "The evidence shows that this ballot had no endorsement to show that it was an official ballot provided in accordance with the law. To ignore this provision of the statute and allow ballots to be counted which do not contain the official endorsement would authorize the voting of ballots that might have been surreptitiously obtained or copied, and one of the purposes of the Ballot law be entirely frittered away and the door opened for fraud."

Although we held in both the following cases that uninitialled ballots were properly excluded, appellant relies on our language in *Caldwell* v. *McIlvain,* 184 Ill. 552, 559, and *Rexroth* v. *Schein,* 206 Ill. 80, 106, to support his contention that where, as here, three witnesses testified that they received from a judge of election an uninitialled ballot and voted it for the appellant, these ballots should be counted for him.

In *Sibley* v. *Staiger,* 347 Ill. 288, the court sustained an objection to an offer of proof that forty-nine uninitialled

ballots were cast by absent electors and that the initials were omitted through the ignorance of the election officers, without the fault of the voters. We held the ruling of the trial court was correct and said: "While it is a rule that mistakes or omissions of the officers in charge of an election will not defeat the plainly expressed will of the voters, yet. the rule does not apply where the officers have failed to perform mandatory duties of a precautionary character which safeguard the votes of the electors. (*Allen* v. *Fuller,* 332 Ill. 304; *People* v. *Boshu,* 288 id. 277.) The circuit court properly excluded the proof offered by the appellant respecting the forty-nine ballots lacking the initials of a judge of election and it correctly decided that none of them should have been counted."

The appellant's remaining contention is that under section 57 of the General Election law, (Ill. Rev. Stat. 1937, chap. 46, par. 57, p. 1413,) it was error to draw one ballot out of the five uninitialled ballots rather than from the whole number, when it was discovered that the box contained one more ballot than the number of names on the poll-lists. He contends that because of the failure of the election officers to do this, the court should have withdrawn one ballot from the whole number, and should have destroyed it before the re-count.

Section 57 of the General Election law provides that if the ballots exceed in number the names entered on each of the poll-lists, the judges of election shall reject all unnumbered ballots, and if the number of ballots remaining still exceeds the number of names on the poll-lists, the ballots are to be replaced in the box; the box shall be closed, well shaken, reopened, and one of the judges shall then draw out and destroy "so many ballots unopened as shall be equal to such excess."

The appellant says that section 35 of the Australian Ballot law repealed all acts and parts of acts inconsistent with the provisions of that act, and that the reference to

numbered ballots in the General Election law is inconsistent with the later act and is, therefore, repealed. Where there is no cumulative voting for the particular office, we have held that a number, such as the figure 3, on a ballot, constitutes a distinguishing mark, (*Hodgson* v. *Knoblauch,* 268 Ill. 315, 320,) and numbering ballots is inconsistent with the Australian Ballot act. In the view we take section 57, *supra,* does not apply to uninitialled ballots. The five uninitialled ballots were made void by the provisions of sections 22 and 26 of the Australian Ballot act, and none of those ballots should have been deposited in the ballot-box. They were not changed in character by reason of the fact that they were so deposited, and they should never have been counted for any candidate.

In *Talbott* v. *Thompson,* 350 Ill. 86, 95, nine uninitialled absent voters' ballots were taken out of the ballot-box, initialled by one of the judges and replaced in the box. When the box was opened again it was found that the number of ballots exceeded by one the number of electors shown by the poll-lists. Another uninitialled ballot was then found and it was withdrawn and was not counted. We said that this ballot was improperly withdrawn and that under section 57 of the General Election law one of the judges of election should publicly have drawn a ballot from the whole number and destroyed it. We have pointed out that section 57 does not contain any reference to uninitialled ballots and refers instead to unnumbered ballots, but that numbered ballots are inconsistent with the Australian Ballot law. To that exent, therefore, our decision in *Talbott* v. *Thompson, supra,* cannot be adhered to. Uninitialled ballots are made void by sections 22 and 26 of the later act, and the county court of Sangamon county was correct in refusing to permit uninitialled ballots to be counted. Its judgment is, therefore, affirmed.

*Judgment affirmed.*