(No. 25737.—

FRANK BARLICK, Appellee, *vs.* WM. (BILL) KUNZ, JR., Appellant.

*Opinion filed Dec. 12, 1940—Rehearing denied February 5, 1941.*

Roscoe Bonjean, and Omer D. McLaren, for appellant.

Mr. Justice Wilson delivered the opinion of the court:

On April 4, 1940, an election was held for the office of highway commissioner of Springfield township, in Sangamon county. The result of the canvass of the votes was that William Kunz, Jr., the nominee of the Democratic party received 1584 votes and Frank Barlick, the Republican candidate, 1577. One ballot was declared defective and not counted. Barlick filed a petition in the county court of Sangamon county to contest the election, Kunz answered, an extended hearing followed, the court found that Barlick received 1580 and Kunz 1577 votes, and the former was declared legally elected to the office of highway commissioner. By this appeal, the appellant, Kunz, makes the contentions that three uninitialed ballots should have been counted, the ballot rejected as defective should not have been counted, three ballots claimed by the appellee, Barlick, should not have been counted, and that five ballots to which the objections of the appellee were sustained should have been counted.

Appellant insists that three ballots cast by absent electors, in precinct No. 9, none of which was endorsed with the initialing of a judge of election, should have been counted for him. Three ballots were voted by absent electors of the precinct and only three uninitialed ballots were among those cast in precinct No. 9. One of the judges testified that he considered initialing of an absentee ballot unnecessary. Three qualified voters of the township were permitted to file their intervening petition alleging that they voted for appellant and seeking an order directing the judges of election to initial their ballots so that they might be counted on the recount. The three electors testified, narrating in detail the procedure taken to comply with the Absent Voters act and, further, that each voted the straight Democratic ticket. Upon the conclusion of their testimony the court excluded and ordered it stricken. Section 22 of the Ballot act, (Ill. Rev. Stat. 1939, chap. 46, par. 311,

p. 1485,) provides: "One of the judges shall give the voter one, and only one ballot, on the back of which such judge shall endorse his initials in such manner that they may be seen when the ballot is properly folded." Section 26 commands: "No ballot without the official endorsement shall be allowed to be deposited in the ballot box, and none but ballots provided in accordance with the provisions of this act shall be counted." Section 9 of the Absent Voters act (Ill. Rev. Stat. 1939, chap. 46, par. 470, p. 1517,) prescribes that the ballot of an absent voter shall be endorsed "in like manner as other ballots are required to be endorsed." The initialing requirement, it is established, is mandatory, (*Lacy* v. *Rhodes,* 369 Ill. 167; *Sibley* v. *Staiger,* 347 id. 288;) it applies to the ballots of absent voters (*Greene* v. *Bjorseth,* 350 Ill. 469; *McCreery* v. *Burnsmier,* 293 id. 43;) and ballots, as here, which do not bear such initials cannot be counted for any candidate. (*Sibley* v. *Staiger, supra; Allen* v. *Fuller,* 332 Ill. 304.) The familiar rule that mistakes or omissions of the officers in charge of an election will not defeat the plainly expressed will of the voters is inapplicable where the officers have failed to perform mandatory duties of a precautionary character which safeguard the votes of the electors. (*Sibley* v. *Staiger, supra.*) It follows, necessarily, that the testimony of the absent voters was properly excluded and that the three ballots lacking the initials of a judge of election, as the county court decided, should not have been counted.

*Waters* v. *Heaton,* 364 Ill. 150, holding that ballots initialed by one judge with the initials of another, and with the latter's consent, in the absence of fraud or other improper conduct which would affect the result of the election, were not invalidated, *Neff* v. *George,* id. 306, announcing that the statutory provision requiring a judge of election to endorse his initials on the ballot which he hands the voter is directory, and *Boland* v. *City of LaSalle,* 370 Ill. 387, deciding that a ballot initialed by a clerk of election rather

than by an election judge should be counted, are not in point. *Siedschlag* v. *May*, 363 Ill. 538, invoked by appellant does not aid him. We there held that section 9 of the Absent Voters act, to the extent it relates to depositing absent voters' ballots is directory, and that properly initialed ballots opened and placed on a table where the other ballots are piled, not having been first deposited, folded, in the ballot box, should not for this reason be excluded from the count in the absence of a showing of fraud or improper motive.

The judges of the election of precinct No. 9 placed one ballot in an envelope marked "defective ballot envelope." Appellant does not now claim that it bears a distinguishing mark or is otherwise defective but urges, however, that it was not properly preserved and should not have been counted. The envelope and the ballot were not placed in the canvas bag containing the other ballots cast from precinct No. 9. One of the judges testified that this ballot was in the same condition when offered on the hearing as when counted by the judges of the election. Section 26 of the Ballot law (Ill. Rev. Stat. 1939, chap. 46, par. 315, p. 1487,) so far as relevant, merely provides, "all ballots marked defective or objected to shall be enclosed in an envelope securely sealed and so marked and endorsed as to clearly disclose its contents." The provisions of the Ballot law for the preservation of the ballots are directory in the sense that the precise method described is not essential if there is a substantial compliance and it is clearly proved that the ballots are in the same condition as when first counted, the question of proper preservation being, in each case, necessarily one of fact to be determined by the evidence. (*Bullman* v. *Cooper*, 362 Ill. 469.) The challenged ballot was placed in a sealed envelope, no claim is made that it was exposed to the reach of unauthorized persons, and evidence of tampering with either the envelope or the ballot is wanting. The finding of the trial court that the ballot was properly

preserved and should be counted for appellee will not be disturbed.

Appellant contends that ballots Z-3 and Z-5 bore distinguishing marks which invalidated them and, hence, should not have been counted for appellee. Any deliberate marking of a ballot by a voter not made in an attempt to indicate his choice of candidates, which is also effective as a mark by which his ballot may be distinguished, should be considered as a distinguishing mark, invalidating the ballot. (*Stevenson* v. *Baker,* 347 Ill. 304.) Conversely, if it appears that marks were placed upon a ballot as the result of an honest effort by the voter to indicate his choice of candidates and not as an attempt to indicate the identity of the voter, the ballot should not be rejected. (*Bullman* v. *Cooper, supra; Rexroth* v. *Schein,* 206 Ill. 80.) Whether a particular mark upon a ballot is a distinguishing mark is largely a question of fact to be determined from an inspection of the original ballot. (*Boland* v. *City of LaSalle, supra; Bullman* v. *Cooper, supra; Winn* v. *Blackman,* 229 Ill. 198.) Not every pencil scratch or marking on a ballot, in addition to the requisite cross, will be regarded as a distinguishing mark, even where, as here, obviously made by the voter himself. (*Boland* v. *City of LaSalle, supra.*) Holding that an index hand drawn in pencil pointing to the name of the candidate for whom the voter had placed a cross in the square opposite the name was not necessarily a distinguishing mark, this court, in *Winn* v. *Blackman, supra,* observed that the superfluous mark had been placed on the ballot "with an honest purpose and with an abundance of caution lest the vote should be overlooked." Ballot Z-5 has a long deep arrow immediately below the circle at the head of the column captioned "Republican Party," pointing to the names of the candidates for the offices of supervisor, assistant supervisor and highway commissioner, the only offices for whom votes could be cast. Ballot Z-3 has a slightly shorter arrow, less heavily indented, in the same place. The only other marks

on these two ballots are crosses in the circle at the head of the Republican column. An examination of the ballots leads to the conclusion that the additional marks reflect the honest efforts of the voters to indicate their intention rather than to place distinguishing marks on their ballots. The objections of appellant to ballots Z-3 and Z-5 were properly overruled.

Appellant's complaint that the markings in the square before the name of Barlick on ballot Z-1 are insufficient to constitute a cross is not well taken. An examination of this ballot discloses an exceedingly poor effort by the voter to make a cross, but close inspection shows that the lines intersect as well as cross, and despite the irregular character of the cross the ballot was correctly counted for appellee.

Appellant contends further that five ballots rejected by the trial judge should have been counted for him. Ballot X-3, although properly marked with a cross for appellant, has four short ink marks on the face of the ballot at the foot of the Democratic column, followed by a name which may possibly be, as asserted, "Carmen." The voter indicated his choice by making adequate crosses with a pencil in the squares preceding the names of the three candidates in the Democratic column. Carmen Moreth, an election judge of precinct No. 3, where ballot X-3 was cast, testified that the judges used pencils but that the clerks used fountain pens. From an inspection of the ballot assailed we find it unreasonable to believe the voter placed the ink marks thereon and are impelled, instead, to the conclusion that the writing, whether it be "Carmen" or merely a succession of disconnected and illegible connected pen scratches, was made through mistake or inadvertence by a judge or clerk of the election precinct, and was not intended to distinguish the ballot. Marks placed on a ballot by election officers without participation of the voter do not constitute distinguishing marks. (*Allen* v. *Fuller, supra.*) A voter should not be disfranchised because some unauthorized person, irre-

spective of his innocent intention, has deliberately placed marks on a ballot. Ballot X-3, otherwise legal, should have been counted for appellant. *Boland* v. *City of LaSalle, supra; Slenker* v. *Engel,* 250 Ill. 499.

Ballot X-11 was not counted because a half-inch long pencil mark appears on one of the back corners of the ballot. The small line on an extremity of this ballot, whether made by an unauthorized person, or mistakenly or inadvertently by the voter, was not made with a deliberate intention of violating the secrecy and sanctity of the ballot box. Not every small mark on the back of a ballot, this court has held, is an invalidating distinguishing mark. (*Boland v. City of LaSalle, supra; Winn* v. *Blackman, supra; Rexroth* v. *Schein, supra.*) Ballot X-11 should have been counted for appellant.

Our examination of ballot X-5 discloses that the cross in the square before appellant's name and a second cross immediately to the right of his name are of the same character and were made by the voter, and not by an election official. Since the additional cross constitutes a distinguishing mark, invalidating the ballot, (*Greene* v. *Bjorseth, supra,*) the finding that this ballot should not be counted was correct.

Ballot X-12 was properly rejected because the intersection of the lines purporting to form a cross does not fall within the square preceding appellant's name. The lines in the square before his name on Ballot X-13 intersect within the area formed and bounded by the lines constituting the square, and although the cross itself is faint, having apparently been made by an aged and nervous voter, is none the less complete and real. Ballot X-13 should have been counted for appellant.

Our review shows that ballots X-3, X-11 and X-13 which were not counted by the trial judge should be counted for appellant. The result is that both the appellant and appellee received 1580 votes. Under such circumstances,

326

sections 73 and 74 of the General Election law (Ill. Rev. Stat. 1939, chap. 46, pars. 75, 76, p. 1424) require the parties to determine by lot who shall be declared elected. *Grubb v. Turner,* 259 Ill. 436.

The judgment of the county court is reversed and the cause remanded, with directions to require the appellant and the appellee to decide by lot, conformably to the direction of the court, which of them shall be declared elected to the office of highway commissioner of Springfield township, and to enter judgment accordingly.

*Reversed and remanded, with directions.*