24 So.2d 431

### WALKER et al. v. JUNIOR et al.

7 Div. 822.

Supreme Court of Alabama.

Nov. 8, 1945.

Rehearing Denied Jan. 17, 1946.

Merrill, Merrill & Vardaman, of Anniston, for appellants.

Bibb & Mundine, of Anniston, for appellees.

344

SIMPSON, Justice.

This is a contest of a municipal election for the positions of mayor and aldermen of the town of Fruithurst, Alabama, under the statute providing for such contests, Code 1940, Title 37, § 31 and Tit. 17, § 231 et seq.

One of the specific mandates of our ballot law is that in all elections (as here pertinent) voting must be by official ballot printed and distributed by the public official charged by law with such duty and "no ballot shall be received or counted in any election except it be provided as prescribed by law." Code 1940, Title 17, § 165.

■ Statutory provisions relative to the preparation and distribution of the ballots for an election must be strictly adhered to and a provision that none but official ballots be counted is mandatory. 20 C.J. 141, §§ 163, 164; 29 C.J.S., Elections, § 15, page 224.

■ It is also held that compliance with such a statutory mandate is essential to a valid election and a departure from the law which the Legislature has declared vital, as a rule, vitiates the election and renders the same void. 29 C.J.S., Elections, § 173(a), p. 248; People ex rel. Henry v. New York Cent. R. R. Lines, 381 Ill. 490, 45 N.E.2d 860.

■ As a general proposition, when the statute expressly declares how the ballot shall be prepared, distributed, marked and identified by the officers charged with such duties and providing that ballots which do not so conform shall not be counted, a failure of substantial compliance with such mandatory provision invalidates the ballot.

The principle is further illustrated in these authorities: Lacy v. Rhodes, 369 Ill. 167, 15 N.E.2d 683; Jones v. State, 153 Ind. 440, 55 N.E. 229; Campbell v. Little, 251 Ky. 812, 66 S.W.2d 67; Thompson v. Chapin, 64 Mont. 376, 209 P. 1060, 1061; State ex rel. Wolff v. Geurkink, 111 Mont. 417, 109 P.2d 1094, 133 A.L.R. 304; Allen. v. Fuller, 332 Ill. 304, 163 N.E. 675; Oncken v. Ewing, 336 Pa. 43, 8 A.2d 402; McCrary on Elections, 4th Ed., 168, 169, §§ 225, 226.

■ Section 165 above clearly comes within the influence of the announced rule. It "both gives the directions and declares what the consequences of neglecting their observance shall be" (McCrary, supra, p. 170, § 226), and ballots for an election,

prepared and distributed by unauthorized parties omitting the names of candidates duly nominated, in total disregard of the requirements, are void.

■ The Alabama law, for municipal elections, requires the mayor to receive the nominations of candidates and to print and distribute the official ballots. Title 17, § 171, Code.

In the case before us, the tendency of the evidence shows, prima facie, that the mayor complied with the law in this regard and before the polls opened on election day, delivered the duly prepared official ballots to one of the election officials for use, and the ballots thus prepared and delivered were at the polls in possession of some one or more of the election officials. From all that appears from the record presented the only ballots made available to the voters and permitted to be used were those prepared by unauthorized persons, containing the names of only one set of nominees (appellees) and omitting the names of the other nominees (appellants). Though some voters requested the right to cast their votes on the alleged official ballot, this was refused.

In view of the legal principles hereinabove adverted to, such conditions, if true, vitiated the election because of total violation of the mandate of § 165 of the election law.

This all appears from the evidence presented by the petitioners. The defendants introduced no countervailing testimony but moved to exclude petitioners' evidence. Thus, in so far as the record proof stands, it appears that no legal ballots were cast, and under said § 165, none should have been counted. If this was the status, no officers were legally elected and the election was void. Corn v. Blackwell, 191 S. C. 183, 4 S.E.2d 254, 125 A.L.R. 306, and authorities, supra.

The trial court sustained the motion of defendants to exclude this evidence and one of the assignments on this appeal challenges this ruling as error.

Our conclusion is that the trial court ruled correctly on the motion. There is no authority under the election contest statute for the court to declare an election void under the described circumstances, thus rendering the evidence adduced incompetent and immaterial in this proceeding.

In only one instance does the statute confer authority upon the court to declare an election void in a statutory contest, and that is in the third alternative of the section. The various judgments authorized are: (1) If a person other than the contestee received or would have received, had the ballots intended for such other person and illegally rejected been received, the highest number of legal votes, then "judgment must be given declaring such person duly elected," etc.; or (2) in case of a tie vote an adjudication by the court of such facts, etc.; or (3) "if the person whose election is contested is found to be ineligible to the office, judgment must be rendered declaring the election void" etc.; or (4) if the contestee is found to have been duly and legally elected, judgment must be rendered accordingly, declaring the contestee elected and entitled to the office. Code 1940, Title 17, § 250.

■ A review of the entire statute will reveal that a valid election with some legal votes cast is presupposed as predicate for a contest thereunder. As illustrative, refer to Section 232 where the setting aside of the election is specifically inhibited, "unless it appears that the number of illegal votes given to such (elected) person, if taken from him, would reduce the number of votes given to him below the number of legal votes given to some other person for the same office."

■ This conclusion is further reinforced and sustained by the recognized principle that statutes for the contest of political elections are summary in character and, so far as concerns the jurisdiction of the court to determine the issue, must be strictly construed, and the determination of an election contest under it is judicial only when and to the extent as therein authorized. Groom v. Taylor, 235 Ala. 247, 178 So. 33; Watters v. Lyons, 188 Ala. 525, 66 So. 436; 29 C.J.S., Elections, § 247, p. 355, § 252, p. 364; 18 Am. Jur. 361, § 275.

It is manifest, then, that our election contest statute affords no remedy to a contestant in the circumstances appearing by the present record, nor could the evidence adduced be material to any inquiry in a proceeding laid under it. The court must be sustained, therefore, in excluding the evidence.

■ The remedy of quo warranto might be employed if, as alleged in the complaint and so far appearing by the evidence, the election was void for the want of any legal votes, and the contestees had, in fact, usurped and were unlawfully holding the respective offices. Code 1940, Title 7, § 1136 et seq.; McCrary on Elections, 4th Ed., §§ 369, 393, 425; 44 Am.Jur. 94, § 8, 106, § 27.

■ While some of the allegations of the petition seem to contain expressions indicative of statutory quo warranto, the petition is not sufficient as an information of such nature. The suit is not in the name of the State, as required by the statute, the documents of record appear to have been drawn under the law providing for election contests, the case was tried on this latter theory, and we deem it inappropriate to consider the case as one in the nature of quo warranto.

On the question of quo warranto, in view of the broad language of the opinion in the case of Mizell v. State ex rel. Gresham, 173 Ala. 434, 55 So. 884, dealing with such a remedy, a brief exposition in differentiation with the case at bar seems proper.

The Mizell case was dealing with irregularities in a municipal election which were subject to contest and redress under the election contest statute, Code 1940, Title 37, § 31, and Tit. 17, § 231 et seq., and the opinion correctly held that quo warranto could not be employed to test these irregularities due to Tit. 7, § 1147 (then § 5464, Code 1907) of the quo warranto statute, which stipulates that "the validity of no election which may be contested under this Code can be tried under the provisions of this chapter."

But that case must necessarily be considered in the restricted ambit in which it was presented and the legal principles announced, construed in the light of the facts presented by that record.

■ The interpretation to be placed upon said § 1147 must also give recognition to another canon of construction, that unless it unequivocally appears that the Legislature intended to provide another remedy that would exclude the authority of the courts in quo warranto, the jurisdiction will remain (44 Am.Jur. 96, § 14). And, as hereinabove clearly demonstrated, this rule of exclusion could not operate to preclude such jurisdiction of the court in a void election under circumstances above considered.

346

Like observation is applicable to the cases of Parks v. State ex rel. Owen, 100 Ala. 634, 13 So. 756, and State ex rel. Blish v. Thomas, 181 Ala. 665, 62 So. 504, which were rested upon no facts indicating an invalidity of the election, but upon irregularities only.

Any other construction of these former decisions would overlook the liberal application of quo warranto and emasculate it by a system of refined dialectics.

The evidence so far appearing having tended to establish that the election was void for the want of any legal ballots, it is not necessary to consider the other points raised by the appellant except the assignment of error challenging the judgment of the trial court in declaring the defendants duly and legally elected.

The state of the record so far presented would not justify that phase of the judgment and it is so modified that it may stand without prejudice to a proper suit to test the validity of the election, if desired.

The judgment, thus modified, is affirmed.

Modified and affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

On Rehearing.

SIMPSON, Justice.

A brief response to the application for rehearing is deemed proper because of an apparent misinterpretation accorded the original opinion and in deference to counsels' cogent argument for a modification of it.

Rather than approving, in an election contest proceeding, an inquiry into the validity of the election (denounced in Wade v. Oates, 112 Ala. 325, 20 So. 495) because of the vitiating circumstances hereinabove referred to (non-use of an official ballot), our opinion holds exactly the contrary, that the invalidity may not be raised in such a contest and that, in this contest, because of the vitiating character of all the attempted voting as disclosed by the evidence introduced by contestants, the motion of contestees to exclude that evidence was proper because inadmissible, to the result that we affirmed the judgment of the lower court in that ruling and in dismissing the contest.

Neither is there warrant in construing the decision as declaring the Fruithurst election void. No such adjudication was made or possible for, as pointed out in the original opinion, the statute does not authorize the rendition of that kind of judgment in such a proceeding any more than it does the adjudication of one as elected unless having received a plurality of legal votes. Code 1940, Title 17, § 250. Hence the expunction from the order of the lower court of any adjudication, under that state of the evidence, as to who had been elected.

The contest proceedings now standing dismissed, the instant status of contestees, as duly elected officials of the town of Fruithurst, is as if no proceedings of any character had been instituted against them. Our original holding was simply that the election would be (not, was) void under the state of the evidence (if true) so far adduced (that for contestants) thus rendering that evidence inadmissible in the contest case and subjecting it to contestees' motion to exclude.

We reassert the obvious, that § 165, Title 17, Code 1940, is mandatory to the extent that an official ballot is essential to the validity of the enumerated elections and that balloting on ex parte slips of paper submitted by individual voters or furnished by other unauthorized persons is illegal, will not be counted and, if such was the balloting, there, of necessity, could be no election, hence void. "The choice of the person elected is determined by the plurality of legal votes. (Citing statute) The plurality of votes, then, * * * indicates and declares the popular will; and the person having the highest number of legal votes is elected." Ex parte Reid, 50 Ala. 439, 442. A fortiori if there were no legal votes, there was no election.

Our election law does authorize an elector desiring to vote for a person whose name does not appear upon the official ballot to do so by writing the name of such person in a proper place thereon, § 162, Title 17, Code 1940, but this character of voting presupposes the distribution and use of an official ballot, viz., in this case, a ballot provided or caused to be provided by the mayor as the law directs.

Of such import are the decisions in Reed v. State, 234 Ala. 306, 174 So. 498, and Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845, and in each case it was indicated that an official ballot, namely, the ballot caused to be printed and distributed by the persons authorized by law so to do,

was used and the decisions must rest on this theory. As to the mere irregularities in the preparation of that ballot by such officials, it was aptly observed in the Reed case [234 Ala. 306, 174 So. 500], "the right of the electors could not be restricted by the error of the official upon whom the law imposed the duty of preparing and having printed the ballots for the election," and in the Garrett case [211 Ala. 430, 100 So. 854], that such ballots may not be rejected if that conduct (of the election officials) did not prevent "a fair, free and full exercise of the elective franchise as to the office in question."

 But these and no other cases so far as we know should or could be interpreted as approving the validity of an election where the official ballot was withheld by the election officials and the purported ballots furnished to and used by the voters were mere unauthorized, ex parte slips of paper prepared without authority of law and containing the names of only those candidates it pleased the election holders to be listed and voted for. (Note, we do not state this to be the fact, but that such was the tendency of contestants' evidence—that adduced.)

It is apodictic that the law could not validate such an election in the face of the statute (§ 165, Code) mandating that none but official ballots shall be received or counted; and, equally axiomatic, a judgment adjudicating one to have been duly and legally elected in such an election, if seasonably challenged, cannot stand.

Nothing in Garrett v. Cunninghame, supra, is contrary to this salutary principle, so necessary to safeguard the purity of an election, but to the contrary that case clearly affirms the principle of interpreting as mandatory a provision of an election statute that affects an essential element of the election or is expressly declared by the statute to be essential to the validity thereof. 211 Ala. at page 438, 100 So. at page 853. To the extent we have indicated, is the mandatory nature of said § 165.

Nor do we construe the case of Wade v. Oates, supra, as approving the use of a piece of paper furnished by unauthorized persons rather than an official ballot, or holding (the now) § 165 as merely directory. The other "mere irregularities,—disregard of directory provisions * * * —" mentioned in the opinion (112 Ala. at page 332, 20 So. at page 497), related to

other features of the case, applicable to other sections of the law.

This court, in consultation, has given studious consideration to the able brief and argument of counsel on rehearing, but is strongly convinced of the correctness of the conclusions hereinabove which are consistent with the intent and scheme of our election laws to preserve a free and fair election and, in this view, not out of harmony with former holdings.

The application must be overruled.

Opinion extended and application for rehearing overruled.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.