(No. 32178.—▆▆▆▆▆▆▆▆▆▆)

OVAL HANKINS, Appellee, *vs.* PAUL R. DROIT, Appellant.

*Opinion filed January 24, 1952.*

RUMSEY & DENNIS, of Harrisburg, for appellant.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Oval Hankins and Paul R. Droit were opposing candidates for the office of highway commissioner at a township election in the town of Brushy, in Saline County, on April 3, 1951. At the conclusion of the election the canvassing board found each had received 248 votes, and declared a tie. The two candidates thereafter cast lots, and Droit won. He was declared elected, and assumed the duties of the office. On April 27, Hankins filed a petition in the county court of Saline County to contest the election. A hearing was held, and a recount of the ballots made, at the conclusion of which an order was entered finding Hankins to have received a majority of one vote and declaring him elected to the office. Droit appeals. No brief or additional abstract has been filed by appellee.

Appellant contends that each of two ballots voted for appellee, and admitted into evidence as defendant's exhibit 3 and 4, contains a distinguishing mark and should not have been counted by the trial court. Upon the face of exhibit 3 there is a figure "7" in the upper margin above appellee's party column, and the figure "6" appears on the face of exhibit 4 in a similar position. There is no testimony as to how these ballots became marked in this manner, although some of the other ballots introduced in evidence contained figures and words apparently placed thereon by the election officials. The record contains no evidence that any such official made the marks on the ballots in question. Under such circumstances, they should not have been counted for appellee. (*Neff* v. *George,* 364 Ill. 306, 310.) The rule is well settled that any deliberate marking of a ballot by a voter, not made in an attempt to indicate his choice of candidates or vote on a public proposition, and which is also effective as a mark by which a ballot may be distinguished, invalidates the ballot. (*Barlick* v. *Kunz,* 375 Ill. 318.) The numbers on the present

ballots were obviously not made in any attempt to indicate a choice of candidates, and they are effective as marks by which the ballots could be distinguished. Their presence must, therefore, require that the ballots be rejected. See *Hodgson* v. *Knoblauch*, 268 Ill. 315; *Winn* v. *Blackman*, 229 Ill. 198.

Other errors are urged by appellant but as the result of our decision shows his election, it is unnecessary to discuss them.

The judgment of the county court is reversed and the cause remanded, with directions to enter a judgment declaring appellant elected to the office of highway commissioner.

*Reversed and remanded, with directions.*