(No. 32468.— )
TROY WATKINS *et al.*, Appellees, *vs.* ROAD DISTRICT NO. 10 *et al.*, Appellants.

*Opinion filed November 20, 1952.*

FORD L. RENDLEMAN, of Anna, for appellants.

ARTHUR F. MELVIN, of Marion, and HAROLD N. LINGLE, and JOHN H. CARTER, both of Anna, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An election was held in Road District No. 10, in Union County, upon the proposition, "Shall the sale at retail of alcoholic liquor be prohibited in Road District No. 10, Union County, Illinois?" The canvass of the votes showed 153 in favor of the proposition and 152 against it. A petition was filed in the circuit court of Union County to contest the election. After a hearing, the court entered a decree finding that 151 votes were cast for, and 151 votes against the proposition, and holding that since the propo-

sition did not receive a majority of the votes cast, it did not carry. On this appeal, the single contention is that one ballot cast against the proposition bore distinguishing marks on the back which invalidated it, and that it should not have been counted as a "No" vote.

The challenged ballot contains a cross in the square on the face of the ballot opposite the printed word "No." The initials "H.W." on the back of the ballot, being the initials of a judge of election, are almost obliterated by pencil marks and scratches drawn through them. Applicable legal principles are well established. Ballots are recounted in an election contest to determine the accuracy of the canvass and to insure that the ballots have been counted in accordance with the intention expressed by the voters. Here, the intent of the voter is clear; he intended to and did vote "No" on the proposition submitted.. The question is whether or not that intention is frustrated by the markings which appear on the back of the ballot.

Whether a particular mark upon a ballot is an identifying mark which invalidates it is largely, if not wholly, a question of fact to be determined from an inspection of the original ballot. (*Boland* v. *City of La Salle,* 370 Ill. 387; *Winn* v. *Blackman,* 229 Ill. 198.) It is not every pencil scratch or marking or blot on a ballot, in addition to the requisite cross, which will be regarded as a distinguishing mark, even where it was obviously made by the voter himself. (*Tuthill* v. *Rendelman,* 387 Ill. 321; *Barlick* v. *Kunz,* 375 Ill. 318; *Boland* v. *City of La Salle,* 370 Ill. 387; *Atwater* v. *Eckard,* 282 Ill. 122; *Kerr* v. *Flewelling,* 235 Ill. 326; *Winn* v. *Blackman,* 229 Ill. 198; *Parker* v. *Orr,* 158 Ill. 609.) Nor are marks placed on a ballot by election officials necessarily distinguishing marks which invalidate the ballot. *Greene* v. *Bjorseth,* 350 Ill. 469.

The irregular markings on the challenged ballot may well have been placed there through inadvertence or mistake. The particular markings or scratchings would not

be easy to describe, and hardly seem to be such as would be designed to enable another person to identify the voter who had cast the ballot. The distinguishing mark which invalidates is only such as is designed to set apart and distinguish the particular ballot from other ballots cast at an election. (*Winn* v. *Blackman,* 229 Ill. 198; *Rexroth* v. *Schein,* 206 Ill. 80.) The marks upon the ballot here in question seem to have been inadvertently or innocently made, and not to be of the character which should disfranchise the voter. We so held in *Boland* v. *City of La Salle,* 370 Ill. 387, with respect to similar markings, and, although appellants urge us to overrule that holding, we see no reason to do so.

The judgment of the circuit court of Union County is affirmed.

*Judgment affirmed.*