PER CURIAM.
A municipal election was held in Lafayette, Alabama, on July 10, 1984. Petitioner Vines was one of four candidates for mayor. Election officials certified the results of the election for mayor as follows:
Candidate Total Votes
Ed Allen 448
W. W. (Pete) Holcombe 165
Robert Vines 314
Ed Yeargan 277
On July 12, 1984, candidate Ed Yeargan filed an action for declaratory judgment in the Circuit Court of Chambers County against the other three candidates, asking the court to hold a hearing to determine whether there had been a malfunction of voting machine No. 4, which was designated for all voters whose last name began with letters T through Z of the alphabet. Yeargan alleged that the official report of the votes cast in machine No. 4 showed that he received no votes in that machine while in truth he had received legal votes, but because of a malfunction of the machine and not because of any fault of the other candidates, legal votes for his candidacy were not received. There were only four machines used in the election, and No. 4 was referred to by the trial judge as Box Four.
The trial court held a hearing at which all the candidates were present. The machine in Box Four was conclusively shown to have malfunctioned in that no votes cast for candidate Yeargan registered on the machine. Machine No. 4 was demonstrated before the trial court, and the lever by Yeargan’s name was pulled five times, but the machine did not register that action. Several witnesses testified that they had voted for candidate Yeargan in Box Four, and since the returns showed that he received no votes in that box, the trial court correctly concluded that he had been deprived of legal votes cast for him. The trial court, at the conclusion of the hearing and after examining the machine, expressly found that because the machine had malfunctioned and had not accepted legal votes cast for candidate Yeargan, a number of duly qualified electors had been disfranchised. The court also held that had candidate Yeargan received the legal votes cast for him, the results of the election would have been different. The court thereupon set aside the results of the July 10 election “in regard to Box Four” and ordered another election to be held on July 24, 1984, “wherein all electors who voted in Box Four on July 10, 1984, will be allowed to re-east their ballots in the mayor’s race. Only those persons which the poll lists indicate voted on July 10, 1984, will be allowed to vote on July 24, 1984.”
Petitioner Vines thereupon filed this petition, alleging that by its order the trial court exceeded its authority, asking that a *28 writ of prohibition issue restraining the trial court’s exercise of equity jurisdiction, and seeking an order setting aside the trial court’s judgment of July 17, 1984. It is readily apparent that Vine’s second place position and, thus, his participation in the run-off election are vitally affected by the trial court’s order.
Election challenges are, but for few exceptions not present here, strictly statutory proceedings, and courts are expressly limited in the relief to be awarded in election contests. Walker v. Junior, 247 Ala. 342, 24 So.2d 431 (1945), and Ala.Code 1975:
“§ 17-15-6. Jurisdiction denied judges or courts exercising chancery powers in election contests; appeal.
“No jurisdiction exists in or shall be exercised by any judge, court or officer exercising chancery powers to entertain any proceeding for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process or order from any judge, court or officer in the exercise of chancery powers, whereby the results of any election are sought to be inquired into, questioned or affected, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by any officer or obeyed by any person; and should any judge or other officer hereafter undertake to fine or in any wise deal with any person for disobeying any such prohibited injunction, process or order, such attempt shall be null and void, and an appeal shall lie forthwith therefrom to the supreme court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given of such appeal shall be 14 days.”
We turn then to the statutory provisions governing municipal elections.
Section 11-46-69 sets out the grounds for which municipal elections may be challenged:
“§ 11-46-69. Contest of elections— Grounds; commencement of action.
“(a) The election of any person declared elected to any office of a city or town may be contested by any person who was at the time of the election a qualified elector of such city or town for any of the following causes:
“(1) Misconduct, fraud or corruption on the part of any election official, any marker, the municipal governing body or any other person;
“(2) The person whose election to office is contested was not eligible thereto at the time of such election;
“(3) Illegal votes;
“(4) The rejection of legal votes; or
“(5) Offers to bribe, bribery, intimidation or other misconduct calculated to prevent a fair, free and full exercise of the elective franchise.
“(b) Any contest of such an election must be commenced within five days after the result of the election is declared. Such contest shall be instituted in the manner prescribed by Section 17-15-29 and, except as otherwise provided in this article, all proceedings relative to contests of elections to municipal offices shall be governed by the provisions of articles 2 and 3, chapter 15, Title 17 of this Code, insofar as they are applicable.”
The trial court’s jurisdiction was invoked in this case by candidate Yeargan’s complaint in which he specifically alleged that legal votes had been rejected, § 11-46-69(a)(4), in Box Four. Petitioner Vines contends here, however, that the relief fashioned by the trial court is not authorized by statute, and that § 17-5-6 expressly prohibits the fashioning of equitable relief. We agree. Section 11-46-70 governs where, as here, no candidate received or would have received (but for the defect in the election process in Box Four) the requisite number of votes for election. Section 11-46-70 reads:
*29 § 11-46-70. Same — Trial; entry of judgment.
“If, on the trial of the contest of any municipal election, it shall appear that any person other than the one whose election is contested, received or would have received, had the ballots intended for him and illegally rejected been received, the requisite number of votes for election, judgment must be entered declaring such person duly elected, and such judgment shall have the force and effect of investing the person thereby declared elected with full right and title to have and to hold the office to which he is declared elected.
“If it appears that no person has or would have had, if the ballots intended for him and illegally rejected had been received, the requisite number of votes for election, judgment must be entered declaring this fact, and such fact must be certified to the municipal governing body and the vacancy in the office, election to which had been contested, shall be filled in the manner prescribed by law for filling the vacancy in such office.
“If the person whose election is contested is found to be ineligible to the office, judgment must be entered declaring the election void, and the fact must be certified to the municipal governing body. The vacancy in such office shall be filled in the manner prescribed by law.
“If the party whose election is contested is found to have been duly and legally elected, judgment must be entered declaring him entitled to have and to hold the office to which he was so elected.”
Candidate Yeargan did not contend, nor could he, that had the votes intended for him not been illegally rejected in Box Four, he would have received the requisite number of votes for election as mayor (one half of the votes cast plus one). Instead, it was his contention that if he received the number of votes to which he was entitled, he would be eligible for a run-off position in the coming election.
Therefore, the second paragraph of § 11-46-70 controls, and, once it was shown that no person “ha[d] or would have had, if the ballots intended for him and illegally rejected had been received, the requisite number of votes for election,” the trial court should have entered judgment “declaring this fact.” Thereupon, the court should have ordered another election held to fill the office of mayor.
There is simply no statutory authority for holding an election limited to Box Four and also limited to those electors who voted in the July 10 election.
The trial judge correctly declined to substitute Mr. Yeargan for Mr. Vines in the run-off election, even though he found, and the evidence supported his conclusion, that had Mr. Yeargan received the legal votes cast for him, the results of the election held on July 10 would have been different. The only statutory remedy, however, was to order another election.
In Turner v. Cooper, 347 So.2d 1339 (Ala.1977), the Court said:
“Contests of elections are statutory creations, except insofar as we have noted, and the statutory requirements must be strictly complied with. Longshore v. City of Homewood, 277 Ala. 444, 171 So.2d 453 (1965); Black v. Pate, 130 Ala. 514, 30 So. 434 (1920); Pearson v. Alverson, 160 Ala. 265, 49 So. 756 (1909).”
The good faith of all the parties, as well as the trial judge, is apparent in this case, and we appreciate the trial court’s effort to fashion what appears to be a simple solution to an unfortunate incident. However, the legislature has restricted judicial authority to do so. No remedy exists by statute under the facts of this case, other than the holding of another election for the office of mayor of Lafayette under the provisions of the second paragraph of § 11-46-70, Code 1975.
If one of the candidates receives a majority as defined by § 11 — 46—55(b), he shall be certified as elected thereunder. If no candidate receives a majority of all the votes cast in such election, then pursuant to § 11 — 46—55(d), a run-off election shall be *30 held between the two candidates who received the most and second most votes.
The petition for writ of prohibition is granted.
WRIT GRANTED.
All the Justices concur, except FAULKNER, J., who is recused.