SHORES, Justice.
This .case concerns a mistake made in a municipal election in reporting the number *1306 of votes for candidates for City Council, District Three, in Eutaw, Alabama. The trial court issued a writ of quo warranto prohibiting Yvonne Dunlap from entering into the office, and ordering that Cecil Dur-rett, Jr., be installed. Yvonne Dunlap appeals. We affirm.
The order of the trial judge, the Honorable Claud D. Neilson, explains how the mistake occurred:
“This is a Quo Warranto proceeding whereby the Plaintiff was the candidate who received the majority of the votes cast for the office of City Council member from District Three in the municipal election held August 25, 1992, in the City of Eutaw. The election officials mistakenly reported the results for Box B as 47 for Cecil Durrett, Jr. and 83 for Yvonne D. Dunlap, when the correct totals were 83 for Cecil Durrett, Jr. and 47 for Yvonne D. Dunlap. The polling officials from Box B realized that they had made a mistake and attempted to correct the totals before they sealed the ballot box. All copies of the certificate of results were changed to show the correct totals; however, the officials mistakenly failed to correct the ‘official’ certificate of results. All of the polling officials testified that the totals were mistakenly reported on the ‘official’ certificate of results, and they mistakenly failed to correct the totals in Box B. The correct results of the election had the votes for Box B been reported correctly would have been 168 for Cecil Durrett, Jr. and 102 for Yvonne D. Dunlap, instead the official totals were 138 for Dunlap and 132 for Durrett.
“This Court finds that this is a proper case to issue a writ of quo warranto. Normally the writ cannot be used to contest an election; however, there is no statutory right of contest in municipal elections when officials simply mistakenly report the total of votes cast for a candidate. This Court is of the opinion that this case is the truly exceptional cause whereby the writ should issue to prevent a result that everyone acknowledges would not be the will of the majority of the voters from District Three.
“It is therefore ORDERED BY THE COURT that a writ of quo warranto be issued to the defendants, prohibiting Yvonne D. Dunlap from entering into the office of City Council member from District Three, Eutaw, Alabama.
“It is further ORDERED that Cecil Durrett, Jr. be installed as the duly elected candidate from District Three in Eu-taw, Alabama.
“All costs are taxed to the Petitioner. “All DONE and ORDERED this the 23rd day of November, 1992.
“Claud D. Neilson
“Circuit Judge.”
We must consider whether the trial court erred in issuing the writ of quo warranto. Dunlap contends that the circuit court did not have jurisdiction to issue the writ. She cites the Court to § 6-6-598, Ala.Code 1975, part of the quo warranto article, which provides: “The validity of an election which may be contested under this Code cannot be tried under the provisions of this article.” Parks v. State ex rel. Owens, 100 Ala. 634, 13 So. 756 (1893), and Mizell v. State, 173 Ala. 434, 55 So. 884 (1911), interpret the precursor to § 6-6-598 as holding that an election that may be contested under the code cannot be tried under the provisions of the quo warranto article.
However, in Walker v. Junior, 247 Ala. 342, 24 So.2d 431 (1945), this Court explained:
“The Mizell case was dealing with irregularities in a municipal election which were subject to contest and redress under the election contest statute, Code 1940, Title 37, § 31, and Tit. 17, § 231 et seq., and the opinion correctly held that quo warranto could not be employed to test these irregularities due to Tit. 7, § 1147 (then § 5464, Code 1907) [the precursor to § 6-6-598] of the quo warranto statute, which stipulates that ‘the validity of no election which may be contested under this Code can be tried under the provisions of this chapter.’
“But that case must necessarily be considered in the restricted ambit in which it was presented and the legal *1307 principles announced, construed in the light of the facts presented by that record.
“The interpretation to be placed upon said § 1147 must also give recognition to another canon of construction, that unless it unequivocally appears that the Legislature intended to provide another remedy that would exclude the authority of the courts in quo warranto, the jurisdiction will remain (44 Am.Jur. 96, § 14). And, as hereinabove clearly demonstrated, this rule of exclusion could not operate to preclude such jurisdiction of the court in a void election under circumstances above considered.
[[Image here]]
“Any other construction of these former decisions would overlook the liberal application of quo warranto and emasculate it by a system of refined dialectics.”
247 Ala. at 345-46, 24 So.2d at 434.
Thus, quo warranto would be available unless the election was subject to contest under § 11-46-69, Ala.Code 1975. The grounds and method for contest of municipal elections set forth in that section are as follows:
“(1) Misconduct, fraud or corruption on the part of any election official, [etc.]
“(2) [Ineligibility of the person whose election is contested to hold the office.]
“(3) Illegal votes.
“(4) The rejection of legal votes; or
“(5) ... [B]ribery, intimidation or other misconduct calculated to prevent a fair, free and full exercise of the elective franchise.”
§ ll-46-69(a). It is obvious that a mistake in transferring the vote totals from the tally sheets to the certificate of results does not fall within the five grounds set forth in § 11-46-69. This election was not subject to contest and redress under the election contest statute. We reject Dunlap’s argument that either illegal votes were counted or that legal votes were rejected, and, thus, that the only method of contest was under this statute. There is no evidence of misconduct or fraud; there is only evidence of negligence on the part of the polling officials.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.